DELBERT LUTTERMAN AND ANOTHER v. WAYNE STUDER
AND OTHERS.

217 N. W. 2d 756.

April 26, 1974—No. 44195.

*Erickson, Zierke, Kuderer & Utermarck* and *Elton A. Kuderer,* for appellants.

*Holst, Vogel, Erdmann & Vogel* and *George F. Vogel,* for respondent Studer.

*Dailey & Kunard* and *Marlin R. Kunard,* for respondent Ringnell.

PER CURIAM.

This action was one to recover damages for personal injuries sustained by John Lutterman, a 14-year-old boy (hereafter plaintiff), and for consequential damages sustained by his father. Plaintiff was injured when struck by a bat released by another student during supervised batting practice.

The accident happened on the premises of Independent School District No. 456. Defendants named in the suit were Wayne Studer, the student who released the bat; Douglas Ringnell, the baseball coach; Gopher Athletic Supply Company (Gopher), the distributor of the bat involved; Hillerich & Bradsby Company (H. & B.), the manufacturer of the bat; and the school district.

Prior to trial summary judgment was ordered for the school district. Following trial, the jury found that H. & B., Gopher, and Studer were not negligent, and that Ringnell and plaintiff were negligent but that their negligence was not a direct cause of the accident. The trial court adopted the special verdict and ordered judgment dismissing plaintiff's complaint. This appeal is from the denial of the usual blended motion and from the judgment of dismissal. The appeal as against H. & B. and Gopher has been dismissed by plaintiff.

Plaintiff on this appeal contends that the negligence of Ringnell was, as a matter of law, the direct cause of plaintiff's injury, and that Studer, the boy who released the bat, was negligent as a matter of law.

At the time of the accident, plaintiff was in the seventh grade and had decided to play for the school's baseball team. He participated in the first day's practice on April 1, 1970, the day before the accident. Because of inclement weather, the practice on the day of the accident was conducted in the school gymnasium. Due to space limitation in the gymnasium, the seventh and eighth grades were excluded from practice. The students participating in a simulated batting practice were lined up in five columns, the columns consisting of five students, extending in a north-south direction. All participants wore baseball hel-

mets. Studer was in the front row of either the first or second column numbered from the west. The distance between Ringnell and Studer was approximately 20 feet. Ringnell would simulate pitching a ball, and as he announced its location over an imaginary homeplate, the students would swing their bats in the area where the ball would cross homeplate. Plaintiff, a nonparticipant, stood at a distance of 30 or 40 feet watching the drill. During the drill the bat slipped out of Studer's hand and struck plaintiff on the left side of his head.

There was a conflict in the evidence as to whether plaintiff was properly in the gymnasium at the time of the accident. Ringnell admitted he was glad to see the younger players interested enough to observe a practice but was not aware of plaintiff's position in the gymnasium and had no opportunity to exclude him.

According to Howard Brinkman, a student team manager, plaintiff had been in the gymnasium for about 10 minutes prior to the accident. However, according to the plaintiff, he had been in the gymnasium watching the practice for at least 45 minutes before he was struck by the bat. Plaintiff was standing in front of a batting machine when the track coach entered the gymnasium and spoke with one of the baseball players. This player went to the weight room leaving by the door at the northwest corner of the gym. Plaintiff watched this player leave the gym, turning his head from the batting drill for approximately 1 minute. He was struck as he was turning back to watch the batting practice again.

Plaintiff contends on this appeal that Studer was negligent as a matter of law and that the negligence of Ringnell, as a matter of law, was a direct cause of the injury. We find no support in the circumstances of the case for plaintiff's position that Studer was negligent as a matter of law.

Plaintiff contends more strenuously, however, that Ringnell's negligence was, as a matter of law, the proximate cause of the injury. The applicable legal principles, which are not disputed by either side, are captured in the following statement from Pluwak v. Lindberg, 268 Minn. 524, 528, 130 N. W. 2d 134, 138 (1964):

"Proximate cause, like negligence and contributory negligence, is a fact question which ordinarily must be left to the jury, and we have frequently said that it is only where different minds can reasonably arrive at only one result that fact issues become questions of law.

"Even where there is a finding of negligence, proximate cause usually presents a jury issue. Infrequently cases do arise where a person's

negligence is of such a nature that proximate cause becomes a question of law. Cases also arise where negligence is not the proximate cause."

Plaintiff urges the jury's answers to the interrogatories by which the jury found Ringnell to be negligent but that his negligence was not the direct cause of the injury cannot be reconciled and are fatal to the verdict. Plaintiff argues that the coach failed to stress safety, that he failed to have nonparticipating players located within a safe area during the batting drill, and that the accident would not have occurred but for this negligence.

The test to be applied in determining whether the answers can be reconciled is briefly stated in Reese v. Henke, 277 Minn. 151, 155, 152 N. W. 2d 63, 66 (1967), as follows:

"* * * [I]t is necessary to keep in mind that the verdict is to be liberally construed to give effect to the intention of the jury and to harmonize answers to interrogatories if it is possible to do so. The test is whether the answers can be reconciled in any reasonable manner consistent with the evidence and its fair inferences."

Let it be assumed only for the purpose of this consideration that the jury would have been justified under the evidence finding that plaintiff had permission to be in the gymnasium during the practice. Plaintiff was knowledgeable of the dangers connected with baseball. Additionally, he failed to keep a proper lookout during the drill. Admittedly, he was aware that his fellow students were swinging 25 to 30 bats in his direction. He was aware of the possibility of flying bats. The evidence sustains the jury's finding of his negligence. It may be that the jury's finding that his negligence was not a direct cause of the injury to him is more difficult to follow. This court's statement in Seivert v. Bass, 288 Minn. 457, 466, 181 N. W. 2d 888, 893 (1970), is equally applicable in this case:

"We cannot agree with plaintiffs' contention that the record compels a conclusion that the conduct of defendant [Ringnell] was a proximate cause of the accident as a matter of law. The facts herein are not susceptible to a single inference. It was for the jury, in the exercise of its broad powers with respect to the drawing of inferences from the evidence, to determine the issue of causation. Ordinarily, that issue is for the jury, and its determination must stand unless manifestly and palpably contrary to the evidence viewed as a whole and in the light most favorable to the verdict. It is only in those cases where the evidence is so clear and conclusive as to leave no room for differences of opinion

among reasonable men that the issue of causation becomes one of law to be decided by the court."

The facts present a combination of circumstances without which the accident would not have occurred. Had the coach been more careful in surveying the area and the boy more alert to the danger in which he placed himself, the accident would not have occurred. Neither the failures of the coach nor the acts of the boy standing alone were sufficient to lodge legal liability. This combination of the acts of both very probably was the basis for the jury's verdict. The facts did not establish a situation where, as a matter of law, the court could determine the issue of causation. The answers to the interrogatories by the jury can be reconciled and are consistent with the evidence.

Affirmed.

MR. CHIEF JUSTICE SHERAN took no part in the consideration or decision of this case.