PAUL BEDOR AND ANOTHER v. YVONNE R. EKDAHL
AND OTHERS.

248 N. W. 2d 321.

December 10, 1976—No. 46625.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp &
Brennan, O. C. Adamson, II,* and *W. D. Flaskamp,* for appellants.
*Cousineau, McGuire, Shaughnessy & Anderson, Henry A.
Cousineau, Jr.,* and *Peter G. Van Bergen,* for respondents.

Heard before Kelly, Todd, and MacLaughlin, JJ., and con-
sidered and decided by the court en banc.

PER CURIAM.

Paul Bedor, 13 years old, was injured while retrieving a base-
ball on Highway No. 12 adjacent to Bryn Mawr Field near down-

town Minneapolis. Paul was a member of St. Kevin's team which was coached by Randolph Olive, who had supervisory authority over Paul. The car which struck Paul was driven by Yvonne R. Ekdahl. The jury found that the driver was not negligent, that Paul was negligent and that his negligence was a proximate cause of the accident, and that the coach was negligent but that his negligence was not a proximate cause of the accident. In response to a post-trial motion, the trial court refused to find that the negligence of Randolph Olive, the coach, was a proximate cause of the accident as a matter of law. We affirm.

In Seivert v. Bass, 288 Minn. 457, 466, 181 N. W. 2d 888, 893 (1970), we stated the principle of law which is dispositive of this case:

"We cannot agree with plaintiffs' contention that the record compels a conclusion that the conduct of defendant Christians was a proximate cause of the accident as a matter of law. The facts herein are not susceptible to a single inference. It was for the jury, in the exercise of its broad powers with respect to the drawing of inferences from the evidence, to determine the issue of causation. Ordinarily, that issue is for the jury, and its determination must stand unless manifestly and palpably contrary to the evidence viewed as a whole and in the light most favorable to the verdict. It is only in those cases where the evidence is so clear and conclusive as to leave no room for differences of opinion among reasonable men that the issue of causation becomes one of law to be decided by the court."

See, also, Pluwak v. Lindberg, 268 Minn. 524, 130 N. W. 2d 134 (1964); Nihart v. Kruger, 291 Minn. 273, 190 N. W. 2d 776 (1971); Lutterman v. Studer, 300 Minn. 507, 217 N. W. 2d 756 (1974).

Affirmed.