CONTINENTAL INSURANCE COMPA-
NY, et al., Respondents,

v.

LOCTITE CORPORATION, Appellant.

No. C0–83–1423.

Court of Appeals of Minnesota.

July 10, 1984.

As Amended July 23, 1984.

Lindsay G. Arthur, Jr., Brian J. Love, Arthur, Chapman & Michaelson, P.A., Minneapolis, for respondents.

Henry A. Cousineau, Jr. and Jeffrey O. Knutsen, Cousineau, McGuire, Shaughnessy & Anderson, Chartered, Minneapolis, for appellant.

Heard, considered and decided by WOZNIAK, P.J., HUSPENI and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Loctite Corporation appeals from an order of the trial court denying its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial on the

grounds of errors of law occurring at trial, of a verdict not justified by the evidence and that the verdicts were irreconcilable and inconsistent. We reverse.

## FACTS

Mary Rustad was severely injured on August 10, 1975, when her camper caught fire. The fire was traced to a propane gas leak from a fractured brass fitting, a "B" nut, on a hose inside the camper floor.

Respondent Continental Insurance Company and others, the insurers of the manufacturers and retailers of the "B" nut, settled Rustads' claims for $675,000.

Following settlement, the insurers pursued a contribution claim against Loctite, who had manufactured an adhesive-sealant referred to as 601 which Paulin Products, an insured of one of the respondents, used on hoses with brass fittings installed in the camper. The insurers claimed the 601 corroded the "B" nut, causing it to fracture and leak.

The jury found Loctite to be 50% at fault by reason of negligent conduct and breach of implied warranty of merchantability but found no strict liability. Loctite appeals, contending the verdict was inconsistent, that the release of the original complainant bars contribution, that the verdict is not justified by the evidence, and that errors of law had been committed at trial.

## ISSUE

1. Was it inconsistent for the jury to find Loctite negligent and in breach of warranty but not strictly liable?

## ANALYSIS

### I

Loctite claims the jury findings of negligent conduct and breach of implied warranty of fitness but no strict liability to be inconsistent.

There was evidence that 601 contained a substance called amines which corroded brass to the point where stressed brass would crack. There was evidence that some 601 was found on the B nut which created an unreasonably dangerous condition. This evidence points to strict liability. There was also evidence that 601 was not sufficiently researched and tested to determine its effect on brass prior to marketing, nor were any warnings given that 601 could corrode brass. This evidence, taken together, points to negligent conduct.

With these two classes of evidence in the record, the court partially instructed the jury as follows:

A manufacturer of a product has a duty to give a reasonable warning as to dangers inherent or reasonably foreseeable in using the product in the manner specified. This duty applies even though the product may not be used in its specified manner, so long as such use is one that the manufacturer should reasonably foresee.

. . . . .

Now, a user of a product is entitled to recover damages from the manufacturer of the product if ... the product is in a defective condition which is unreasonably dangerous to the user....

... A product is in a defective condition if, at the time it leaves the manufacturer's hands, it is in a condition which is unreasonably dangerous to the ordinary user.

. . . . .

A product manufacturer must provide adequate warnings of dangers involved in the use of the product if the manufacturer knows or reasonably could have discovered the danger....

. . . . .

If the product is not accompanied by adequate warnings it is in a defective condition unreasonably dangerous to the user.

. . . . .

Unless excluded or modified, a warranty that the goods shall be merchantible is implied in a contract for their sale....

The court then submitted the following special verdict to the jury:

We, the Jury in the above-entitled matter, find as our Special Verdict:

Question 1: Was defendant Loctite negligent with respect to its manufacture or sale of its product, Loctite 601?

Answer Yes or No   Yes

Question 2: If your answer to Question 1 is "yes", was the negligence a direct cause of the injuries sustained by Mary Anne Rustad?

Answer Yes or No   Yes

Question 3: Was Loctite 601 in a defective condition which was unreasonably dangerous to the user or consumer at the time it was sold to Paulin Products Co.?

Answer Yes or No   No

Question 4: If your answer to Question 3 is "yes", was the defect a direct cause of the injuries sustained by Mary Anne Rustad?

Answer Yes or No   No

Question 5: Did defendant Loctite Corporation breach its warranty of merchantability with respect to its sale of Loctite 601 to Paulin Products Co.?

Answer Yes or No   Yes

Question 6: If your answer to Question 5 is "yes", was defendant Loctite Corporation's actions or ommissions [sic] a direct cause of the injuries sustained by Mary Anne Rustad?

Answer Yes or No   Yes

Question 7: Taking all the fault which contributed to the accident at 100%, what proportion thereof, if any, do you attribute to Loctite Corporation?

50%

Loctite first objected to the form of the verdict in its motion for new trial. It claimed the verdicts to be inconsistent, contending the insurers' broadest theory of recovery was in strict liability (in focusing on the 601's corrosive effect on brass) which would include any evidence of negligence. It bases this conclusion on the scope of evidence admitted by the trial court and the jury instructions.

Insurers agree their primary claim against Loctite was that it failed to warn the public in general and Paulin Products specifically, that 601 should not be used with brass. The insurers also claim that theories of negligence and strict liability were submitted as independent theories in such fashion that the jury could choose either theory as a self-sufficient basis of Loctite's liability.

■ An examination of the instructions leads this court to a contrary view. It would not have been improper, at the time of trial of this matter,[1] for the court to have instructed on both strict liability and negligence. In general, products liability cases "grounded on strict tort liability may be joined with an action grounded on negligence, on breach of warranty, or on both." Annot., 52 A.L.R.3d 101, 103 (1973) (footnote omitted). The trial court properly charged the jury on a manufacturer's duty to warn. But the instruction, in its entirety, did not differentiate between strict liability and negligence. The only theory of negligence in this case, as insurers themselves agree, was failure to warn. Normally, failure to warn of a possible danger in the use of a product is a question of negligent conduct for the jury. However, the court placed failure to warn under the strict liability umbrella in its charge that "[i]f the product is not accompanied by adequate warnings it *is* in a defective condition unreasonably dangerous to the user." (emphasis added). Thus, failure to warn was inextricably interwoven into the fabric of the strict liability instruction. When that happened, the jury was required to view any failure to warn as a "defect" and it could no longer absolve Loctite of strict liability and skewer it with negligence. But it did so absolve and did so skewer, with the result constituting an inconsistent verdict.

In *Hauenstein*, the supreme court recognized this dilemma: "Inherent in this case

1. Trial was commenced May 25, 1983. In *Hauenstein v. Loctite Corp.*, 347 N.W.2d 272 (Minn.1984), the Minnesota Supreme Court held, prospectively, that where failure to warn is the only basis for liability, liability may be submitted to the jury on one theory only.

is the problem of mixing ordinary negligence and strict liability where the only basis for liability is failure to warn." 347 N.W.2d at 275.

The trial court, by its choice of instruction, created this unholy mix in which the sole basis of recovery was based upon failure to warn which, in turn, was included as a strict liability feature.

■ The jury also found Loctite had breached an implied warranty of merchantability. Likewise, that verdict is of no help to insurers. Once strict liability is the broader theory of recovery, as here, warranty of fitness has been pre-empted. *Lee v. Crookston Coca-Cola Bottling Co.*, 290 Minn. 321, 334–35, 188 N.W.2d 426, 435 (1971); *Farr v. Armstrong Rubber Co.*, 288 Minn. 83, 93, 179 N.W.2d 64, 71 (1970). *See also* Steenson, "The Anatomy of Products Liability in Minnesota: The Theories of Recovery," 6 Wm. Mitchell L.Rev. 1, 49–54 (1980).

■ The insurers finally maintain that Loctite's failure to object to the form of the verdict at the time it was prepared and submitted to the jury was a waiver of any objections it now has to verdict inconsistencies. This claim is not to be treated lightly. We find no Minnesota authority establishing any such waiver rule in cases with special verdicts under Rule 49.01, Minn.R. Civ.P. (Fed.R.Civ.P. 49(a)). The circuit courts are divided on this issue. The following cases support waiver: *Skillin v. Kimball*, 643 F.2d 19, 20 (1st Cir.1981); *Ludwig v. Marion Laboratories, Inc.*, 465 F.2d 114, 117–18 (8th Cir.1972); *Cundiff v. Washburn*, 393 F.2d 505, 507 (7th Cir. 1968). These cases, however, were decided under Rule 49(b), Fed.R.Civ.P. (Rule 49.02, Minn.R.Civ.P.) which permits a general verdict accompanied by answer to interrogatories. We find more persuasive the decision of the 5th Circuit in *Mercer v. Long Mfg. N.C., Inc.*, 671 F.2d 946 (5th Cir.1982). In construing Rule 49(a) the 5th Circuit stated:

> The legal error resulting from the entry of a judgment based on inconsistent special interrogatories is one which undermines the validity and integrity of the judgment....

*Id.* at 948 n. 1. Consequently, we hold that failure to raise specific objections to the form of the special verdict prior to submission to the jury is not a waiver of any inconsistencies that thereafter develop.

■ In so holding, we do not approve the trial tactics of parties anxious to implant a ground for appeal should the verdict prove distasteful to them. The parties were both represented by experienced trial counsel who, nowhere on the record, voiced objections either to the form of the verdicts or to the instructions of the court, although an examination of both would have indicated an inconsistent verdict was not only possible but was practically invited. Under Rule 49.01, Minn.R.Civ.P., counsel had the duty to assist the court in not only the preparation of special verdicts susceptible of categorical answer but in the preparation of explanations and instructions in such form so as to enable the jury to make consistent findings upon each issue which might properly be made under the pleadings and evidence.

As a further safeguard against the return of verdicts that cannot be reconciled, it would seem prudent for the trial court to forbear discharging the jury until the special verdict is examined by court and counsel to determine whether inconsistencies exist. While rule 49.01 does not expressly provide for a return of the verdict to the jury for further consideration of its answers and verdict as does a general verdict accompanied by answers to interrogatories under Rule 49.02, there is no apparent prohibition to counsel moving the court to return the jury for further deliberation to clarify their verdict where their special verdict answers are inconsistent. *Walsh v. Pagra Air Taxi, Inc.*, 282 N.W.2d 567, 571 (Minn.1979).

## DECISION

■ The verdicts of the jury in finding negligence and breach of warranty but no strict liability were inconsistent in view of

the instructions given by the court. We find it unnecessary to address the other issues raised by Loctite.

We reverse and remand for a new trial.