Ray A. JOHNSON, et al., Appellants,

v.

Randy R. HED, et al., Respondents.

No. C0–87–40.

Court of Appeals of Minnesota.

Aug. 18, 1987.

David Larson, Minneapolis, for appellants.

Larry Jensen, Thomton, Sperry & Jensen, Ltd., Litchfield, for respondents.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Appellants sued respondents regarding a contract to purchase farmland, claiming that Randy R. Hed had fraudulently misrepresented the effectiveness of a drainage system on the property, resulting in substantial loss in the value of the farmland. The jury found that Hed did not make a representation as to any past or present fact, and the trial court ordered judgment in favor of respondents. Appellants moved for JNOV or a new trial on the basis that the jury's answers to special verdict questions were inconsistent and irreconcilable. The trial court denied the motion, and this appeal was taken. We affirm.

## FACTS

Appellants Ray A. Johnson, John E. Sommerfeld, and Joseph H. Michels, entered into a contract for deed for the purchase of farmland from respondents Randy R. Hed and Marilyn Hed. Appellants are all partners engaged in farming. Sommerfeld was familiar with the property, as he had previously rented and farmed the tract of land. He therefore knew that the land had a drainage problem in a low area in the southeast corner where water collected and made the area useless for farming.

When negotiating the price of the contract for deed, the three partners discussed the water problem with Hed. Appellants claimed that the land was worth less than Hed's asking price. Hed told appellants that a new tiling system (underground pipes designed to drain water) had been installed in the summer of 1980. Conflicting testimony was presented on this issue. Appellants claimed that Hed then assured them that the new tiling system had taken care of the problem. Hed, however, denied that he had made any such representation, and claimed that he had only expressed an opinion that the new tiling system should be an improvement over the old system.

The undisputed evidence at trial indicated that although appellants had considerable knowledge of, and practical experience relating to tiling systems, Hed was virtually ignorant of the process. The evidence showed that Sommerfeld installed sewer tile and repaired tile lines in addition to farming. Michels had experience in laying and repairing tile, and had practical knowledge of tiling systems. Both Michels and Sommerfeld inspected the area of land in question before purchasing the property. They both testified that their inspection revealed that only a main tiling line had been installed, rather than a more complete tiling system.

Hed testified that he had no experience in tiling systems. He testified that it was his former partner, Ronald Nelson, who had been approached in the summer of 1980 by the neighbor of an adjacent farm with regard to installing the drainage system. Hed stated that he relied on his former partner's decisions regarding the system, and believed the system would be an improvement to the drainage problems.

The drainage system was installed in the summer of 1980 when it was very dry. Appellants purchased the property in December of 1980. In the following years the rainfall was substantially above normal. The farmland did not drain adequately, and appellants sustained a loss. They sued respondents to rescind the contract, or alternatively to collect damages of $50,000.00. The case was submitted to the jury by special verdict. The jury found that Hed's representation regarding the drainage system did not involve a past or present fact. Judgment was entered for respondents, and appellants' motion for JNOV or a new trial was denied.

## ISSUES

1. Have appellants waived their right to challenge the answers to the special verdict?

2. If not, can the jury's answers to the special verdict questions be reconciled?

3. Did the trial court prematurely order judgment for respondents?

## ANALYSIS

### I.

■ Respondents first claim that appellants have waived any right to challenge the answers to the special verdict because they did not object to its form at trial or before the court discharged the jury. In *Continental Insurance Co. v. Loctite Corp.*, 352 N.W.2d 460 (Minn.Ct.App.1984), this court held that "failure to raise specific objections to the form of a special verdict prior to submission to the jury is not a waiver of any inconsistencies that thereafter develop." *Id.* at 463. Nevertheless, this court further stated:

In so holding, we do not approve the trial tactics of parties anxious to implant a ground for appeal should the verdict prove distasteful to them. * * * [C]ounsel had the duty to assist the court in not only the preparation of special verdicts susceptible of categorical answer but in the preparation of explanations and instructions in such form so as to enable the jury to make consistent findings upon each issue which might properly be made under the pleadings and evidence.

As a further safeguard against the return of verdicts that cannot be reconciled, it would seem prudent for the trial court to forbear discharging the jury until the special verdict is examined by court and counsel to determine whether inconsistencies exist.

*Id.*

The record in this case indicates that counsel for appellants helped to prepare the special verdict, and attempted to clarify problem areas in the verdict form before its submission. One suggested amendment to the form was rejected by the trial court. Although the proposed amendment would not necessarily have prevented the present alleged inconsistency, counsel for appellants did attempt to clarify the questions in the verdict form. Thus, despite the inart-ful drafting of the verdict form, we hold that appellants have not waived their right to challenge the answers to the verdict.

### II.

To establish liability for a fraudulent misrepresentation, a plaintiff must prove the following elements:

"1. There must be a representation;

"2. That representation must be false;

"3. It must have to do with a past or present fact;

"4. That fact must be material;

"5. It must be susceptible of knowledge;

"6. The representer must know it to be false, or in the alternative, must assert it as of his own knowledge without knowing whether it is true or false;

"7. The representer must intend to have the other person induced to act, or justified in acting upon it;

"8. That person must be so induced to act or so justified in acting;

"9. That person's action must be in reliance upon the representation;

"10. That person must suffer damage;

"11. That damage must be attributable to the misrepresentation, that is, the statement must be the proximate cause of the injury."

*Davis v. Re-Trac Manufacturing Corp.*, 276 Minn. 116, 117, 149 N.W.2d 37, 38–39 (1967) (quoting *Hanson v. Ford Motor Co.*, 278 F.2d 586, 591 (8th Cir.1960)).

The questions and answers to the special verdict in this case were as follows:

1. Did Randy Hed make a representation to Joe Michels and John Sommerfeld that the drainage problem on the farm *had been taken care of?*

[A. Yes.]

2. Was the representation false?

[A. Yes.]

3. Was the representation of a past or present fact?

[A. No.]
(Emphasis added.)

Appellants claim that the answers to questions one and three are inconsistent, requiring a new trial. They claim that there are only three possible explanations for the answers:

(1) the jury was confused on the law;

(2) the jury thought that the representation was not "of a fact" because the representation was false; or

(3) the jury erroneously thought that the representation only related to future events.

Appellants claim that since the first question was phrased in the past tense, i.e., that the drainage problem "had been taken care of," the representation, as a matter of law, did not refer to future events and was thus a representation of a past or present *fact*. They claim that the first question combined several elements of misrepresentation, involving not only the element of a representation, but the factual element, since it was phrased in the past tense.

Respondents, however, argue that the first question does not contemplate the exact phraseology of the alleged representation. Rather, respondents claim that it simply asks whether a representation was made regarding the drainage system. Respondents thus claim that only the third question involves the issue of a past or present fact.

■ The trial court has a responsibility to try to reconcile inconsistent responses. *Hudson v. Snyder Body, Inc.*, 326 N.W.2d 149, 156 (Minn.1982) (citing *Bakke v. Rainbow Club, Inc.*, 306 Minn. 99, 235 N.W.2d 375 (1975)). In *Lutterman v. Studer*, 300 Minn. 507, 217 N.W.2d 756 (1974), the court stated:

" * * * [I]t is necessary to keep in mind that the verdict is to be liberally construed to give effect to the intention of the jury and to harmonize answers to interrogatories if it is possible to do so. The test is whether the answers can be reconciled *in any reasonable manner consistent with the evidence and its fair inferences.*"

*Id.* at 510, 217 N.W.2d at 759 (quoting *Reese v. Henke*, 277 Minn. 151, 155, 152 N.W.2d 63, 66 (1967)).

■ The actual representation made by Hed to appellants is disputed. Although appellants testified that Hed assured them that the drainage problem had been solved, respondents presented evidence that Hed had merely stated that the problem should be an improvement over the old system. Thus, counsel for respondents argued to the jury that Hed was not liable to appellants because his representation referring to the drainage system was only his opinion of the system's effectiveness. Respondents then stressed that the statement, to be actionable, had to involve a present *fact*. Respondents further emphasized the disparity of knowledge of tiling systems between the parties, noting Hed's ignorance of tiling systems, in contrast with appellants' knowledge of, and practical experience with, tiling systems.

The tile system was installed in the summer of 1980 during a very dry season. Appellants purchased the property in December of 1980. Hed's attorney argued that the drainage system had not been adequately tested prior to the sale of the land to appellants and that Hed could not have known that the system was not effective. We believe that the jury could have considered Hed's statement regarding the remedial effect of the system to be merely Hed's opinion as to its effectiveness. Thus, the answers can be reconciled.

### III.

■ Appellants argue that even if Hed's statement was an opinion, respondents could still be liable for misrepresentation. Appellants claim that under *Kennedy v. Flo-Tronics, Inc.*, 274 Minn. 327, 143 N.W.2d 827 (1966), an opinion may be the basis of fraud if it is reasonably understood and relied upon by the representee to be a statement of fact. Appellants accordingly claim that the jury should have been permitted to consider whether they understood, or relied upon, Hed's representation to be a statement of fact.

Appellants' reliance on *Kennedy* is misplaced. Although the *Kennedy* court held that a defendant may be liable for misrepresentation based on an opinion of future value or future profits, the court noted that an opinion will only constitute actionable deceit "if a true relationship of trust and confidence exists and the disparity between the parties is pronounced." *Id.* at 334, 143 N.W.2d at 831. Hence, *Kennedy* requires the defendant to have superior knowledge of the subject which justifies the plaintiff's reliance on the defendant's opinion. *See id.* at 333, 143 N.W.2d at 831; *see also Midland National Bank of Minneapolis v. Perranoski*, 299 N.W.2d 404, 412–13 (Minn. 1980) (opinion as to future value may be actionable if the one making statement is relied upon for his expertise with respect to subject of statement).

Applying *Kennedy* to these facts, the jury could not have found either that appellants reasonably understood Hed's opinion to be a statement of fact, or that appellants reasonably relied on Hed's statement. Respondents presented uncontroverted evidence that Hed had no knowledge of tiling systems, in contrast to appellants, who had considerable knowledge of and experience with tiling systems. Further, appellants had knowledge of the specific water problem and had conducted an inspection of the farmland. We hold that the trial court did not err in ordering judgment for respondents.

## DECISION

We affirm the decision of the trial court.