THERKEL JORGENSEN, TRUSTEE FOR HEIRS AND NEXT OF KIN OF JENS H. JORGENSEN, v. ARTHUR HAWTON AND ANOTHER.
GERTRUDE WITTWER v. ARTHUR HAWTON AND ANOTHER.

161 N. W. (2d) 676.

September 13, 1968—Nos. 40,909, 40,920, 40,970.

*Earle F. Tighe,* for appellant Therkel Jorgensen.

*Molter & Runchey,* for appellant Saelens.

*Johnson, Schmidt & Thompson,* for respondent Hawton.

*Winter, Lundquist & Sherwood* and *Gislason, Reim, Alsop & Dosland,* for respondent Wittwer.

372

Heard before Knutson, C. J., and Nelson, Otis, Sheran, and Peterson, JJ.

PETERSON, JUSTICE.

These appeals arise out of consolidated actions for death by wrongful act and personal injuries involving the drivers of two automobiles which collided on U. S. Highway No. 71 near Redwood Falls, Minnesota, at approximately 5:45 p. m. on November 8, 1965. Respondent Gertrude Wittwer, the driver of one of the automobiles, was plaintiff in the personal injury action, and appellant Marjorie Saelens, special administratrix of the estate of Jens H. Jorgensen (hereafter referred to as Jorgensen administratrix), driver of the other automobile, was a defendant. Appellant trustee for the heirs and next of kin of Jens Jorgensen (hereafter referred to as the Jorgensen trustee) was plaintiff in the wrongful death action, and Miss Wittwer was a defendant. Respondent Arthur Hawton, driver of a farm tractor-trailer, was a defendant in both actions.

The issues in each action were submitted to a jury on special verdict, and the jury found: (a) In respondent Wittwer's personal injury action, that decedent Jorgensen was negligent, that his negligence was the sole proximate cause of the collision, and that the total amount of damages sustained by plaintiff was $35,000; (b) in the wrongful death action of appellant Jorgensen trustee, decedent was negligent and that his negligence was the sole proximate cause of the collision resulting in his death; and (c) in each action, that defendant Hawton was negligent but that his negligence was not the proximate cause of the collision. The court accordingly ordered judgment for respondent Wittwer against appellant Jorgensen administratrix for $35,000 in the personal injury action, and judgment for respondents Wittwer and Hawton in the action for death by wrongful act. It denied the alternative post-trial motions of plaintiff Jorgensen trustee and defendant Jorgensen administratrix to vacate and set aside the special verdict of the jury and to grant judgment n. o. v., or for a new trial. Each appeals from the order denying these motions, and the administratrix also appeals from the judgment.

The basic facts concerning the collision, although involving vigorously disputed evidence, are not complicated. Highway No. 71, in the general

area of the collision, is a blacktop roadway 24 feet 6 inches in width and is a generally level stretch running north and south in open country. The statutory speed limit was 65 miles per hour during daytime and 55 miles per hour during nighttime.[1] Plaintiff Wittwer was driving south on the highway, with her lights on, at a speed of approximately 50 miles per hour. Defendant Hawton was driving his tractor-trailer north on the highway in road gear at a speed of approximately 20 miles per hour. A cornpicker was mounted on the tractor and it was pulling a large trailer, the overall width of the unit being 8 feet. The tractor lights were on but the light on the rear of the tractor, which was a *white* light, was obscured from rear view both by the trailer itself and the elevator of the mounted cornpicker. The trailer, which had neither reflectors nor lights, was constructed of unpainted galvanized metal and red-painted structural cross-members. Decedent Jorgensen was traveling north on the highway, approaching the rear of the Hawton tractor-trailer at a speed of nearly 80 miles per hour,[2] with his lights on high beam. The Jorgensen automobile skidded

---

[1] Minn. St. 169.14, subd. 2, provides: "Where no special hazard exists the following speeds shall be lawful, but any speeds in excess of such limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful * * *:

\* \* \* \* \*

"(2) 65 miles per hour in other [than urban district] locations during the daytime;

"(3) 55 miles per hour in such other locations during the nighttime.

" 'Daytime' means from a half hour before sunrise to a half hour after sunset, except at any time when due to weather or other conditions there is not sufficient light to render clearly discernible persons and vehicles at a distance of 500 feet. *'Nighttime' means at any other hour or at any time when due to weather or other conditions there is not sufficient light to render clearly discernible persons and vehicles at a distance of 500 feet.*" (Italics supplied.)

[2] Defendant Hawton testified without objection that Jorgensen was traveling nearly 80 miles per hour, an estimate finding some support in his observation of the closing distances from the point that he first observed the lights of the Jorgensen automobile coming over a rise a considerable distance to the south, to the point when he heard the crash. The Jorgensen vehicle laid down 145 feet of skid marks in contrast with the 22 feet of skid marks

into the southbound lane, colliding with the Wittwer automobile and demolishing both vehicles.

■ The principal and most difficult issue, raised by both the Jorgensen trustee and the administratrix, is whether a jury could find that Hawton's undoubted negligence was not a proximate and contributing cause of the collision and that the negligence of Jorgensen was its sole proximate cause.[3] Certain crucial facts persuade us that the trial court properly held that Hawton's negligence was not as a matter of law a proximate cause of the collision. There is substantial evidence from which a jury could find that decedent actually saw the unlighted Hawton tractor-trailer and that, but for his negligent and unlawful speed, he could have avoided colliding either with it or with plaintiff Wittwer. The condition of light at the time did require that motor vehicles on the highway be illuminated, but the condition nevertheless was not one of such darkness that objects were wholly indistinguishable without artificial light. Witness Jeannette

left by the Wittwer automobile. Plaintiff Wittwer and one Jeannette Balko, who was driving south 180 feet behind Miss Wittwer, did not undertake to estimate Jorgensen's specific speed but tended to confirm that the speed was high.

[3] With respect to Hawton's negligence, the trial court instructed the jury as to the statutory lighting requirements for vehicles operated on the highway. Minn. St. 169.55. Proof of negligence by violation of the statutory requirements does not, however, dispense with the necessity for proof of proximate causation. Barrett v. Nash Finch Co. 228 Minn. 156, 36 N. W. (2d) 526. With respect to the claim that plaintiff Wittwer was contributorily negligent, the trial court correctly held, contrary to the contention of the Jorgensen administratrix, that she was as a matter of law free from contributory negligence; the record is devoid of any evidence of her negligence. With respect to the negligence of Jorgensen, upon consolidation of the two actions for trial the Jorgensen trustee waived the presumption of due care, thus avoiding the problems raised in Lambach v. Northwestern Refining Co. Inc. 261 Minn. 115, 111 N. W. (2d) 345, and Lustik v. Rankila, 269 Minn. 515, 131 N. W. (2d) 741. Although the trustee now asserts that the waiver was made only because the trial court had indicated that, even though the Jorgensen trustee had filed the complaint in the action for death by wrongful act 9 days prior to the filing of the Wittwer complaint, the Wittwer personal injury action would be tried first if the actions were not consolidated, the trustee is bound by that waiver.

Balko, who was driving south behind the Wittwer automobile, and defendant Hawton both testified that they had observed decedent pull out some distance behind Hawton as if to pass him. Although Miss Balko gave no estimate of the distance at which the attempt was made, Hawton estimated that point as about 500 feet back from his tractor. The physical evidence additionally revealed that within only a few feet after decedent's braking started to lay down long skid marks, the left wheels of his automobile had passed over into the southbound lane. The terminal part of the Jorgensen skid marks veered sharply to the left and to the point of impact at virtually a right angle to the line of travel. The collision itself, moreover, occurred a considerable distance behind the Hawton vehicles, although the four witnesses to that observation are not in agreement as to the exact distance. Miss Wittwer testified that decedent was still in his own northbound lane when she had passed three car lengths south and beyond the Hawton vehicles, which would indicate a probable distance obviously in excess of 60 feet; Miss Balko and her passenger estimated the distance as 180 to 200 feet; and Hawton's various answers suggested a distance of 10 to 12 rods (165 to 198 feet).

Our decision that defendant Hawton's negligence did not as a matter of law constitute a contributory or sole proximate cause of the collision is controlled by the well-settled principle that "[c]ausation, like negligence itself, is a fact issue for the jury except when the facts are undisputed and are reasonably susceptible of but one inference." Simon v. Carroll, 241 Minn. 211, 217, 62 N. W. (2d) 822, 827.[4] We must, of course, view

---

[4] The facts in the Simon case are also relevant. Plaintiff and defendant in that case were each driving down the middle of a country road and approaching the crest of a hill. Plaintiff, upon seeing defendant, unsuccessfully attempted to get over to the right side of the road and out of danger. Defendant was driving at an excessive rate of speed. This court held that a jury could find that plaintiff, but for defendant's excessive speed, could have successfully avoided the accident, so that defendant's speed was the sole and proximate cause of the accident. Neither Reese v. Henke, 277 Minn. 151, 152 N. W. (2d) 63, nor Risacher v. Lien, 279 Minn. 58, 155 N. W. (2d) 382, despite ostensibly a more factually similar setting, argues for a different result. In Henke, defendant's automobile, approaching an unlighted vehicle from the rear, actually saw what turned out to be a standing truck

the foregoing circumstances and the inferences reasonably to be drawn from the evidence in the light most favorable to the prevailing party. Lott v. Davidson, 261 Minn. 130, 136, 109 N. W. (2d) 336, 341; Dahling v. Dammann, 251 Minn. 171, 87 N. W. (2d) 25. All these circumstances are fully consistent with a jury's reasonably finding that decedent Jorgensen actually saw the not-invisible Hawton vehicles when he was far enough back to have slowed his own automobile and remained safely in position in his own lane had he not been traveling at excessive speed; that Jorgensen, actually seeing the Hawton vehicles, undertook to pass Hawton and only then belatedly observed the oncoming Wittwer automobile, but because of his speed was unsuccessful in his attempted return to his own lane and lost driving control; and that, therefore, Jorgensen's negligence was the real and sole cause of the collision.

■ Defendant Jorgensen administratrix contends that the trial court improperly restricted her counsel's final argument by limiting argument to the issue of the damages sustained by plaintiff Wittwer to the exclusion of argument on the issue of Hawton's negligence.

We are fully mindful of the vital importance of final argument upon the crucial issues in contested cases. This is not a situation, however, where such argument was completely foreclosed. The most crucial issue, as a practical matter, was the negligence of defendant Hawton as a proximate cause of the collision. Either plaintiff Jorgensen trustee or defendant Jorgensen administratrix would have had an interest in arguing the negligence and contributory negligence, respectively, of Miss Wittwer, but that issue was properly directed out of the case because of the total lack of evidence to support any such finding. Neither, on the other hand, would

at a distance of 500 feet, but took no action reasonably appropriate to avoid the ensuing collision. In Risacher, the plaintiff's automobile, approaching the rear of an improperly lighted farm tractor, was not speeding but unreasonably maintained his speed under the circumstances and took no action which would have avoided collision. The trial judge who rejected a special verdict that plaintiff's negligence was not a proximate cause of the collision in Risacher is the same judge who accepted like findings in the instant case and, in affirming the judgment ordered in each case, we have accorded weight to his expressed views in support of the judgment.

have had any purpose in arguing that decedent Jorgensen was himself negligent or the cause of the collision. The trial court afforded plaintiff Jorgensen trustee full opportunity to argue the Hawton issue, which would have equally inured to the benefit of defendant Jorgensen administratrix.[5] We hold that the trial court, whose well-stated reasons for its ruling are set out below,[6] was well within its sound discretion in limiting final argument in this case. Simon v. Carroll, *supra*; Tripplet v. Hernandez, 238 Minn. 208, 56 N. W. (2d) 645.

[5] The court, however, gave counsel for the Jorgensen administratrix the strategic position of arguing last.

[6] Judge Mann wrote in a memorandum to his order denying appellant's post-trial motions: "Although the defendant, Marjorie Saelens, Special Administratrix, was technically a separate party to the action, in matters of substance she was an identical party as party plaintiff, Therkel Jorgensen, Trustee. There was only one issue involved, that being the conduct of the decedent, Jens H. Jorgensen, * * *. The only factor bearing on the formality of two 'parties' being involved in the litigation was the fact that Jens H. Jorgensen was deceased. Such factor did not in any way affect the formation of the issues to be determined in the case. The demand for separate arguments would not have arisen had the decedent lived. There existed no basic difference between that of the plaintiff, Therkel Jorgensen, Trustee, and defendant, Marjorie Saelens, Special Administratrix, than that of plaintiff, Gertrude Wittwer, and defendant, Gertrude Wittwer. If defendant, Gertrude Wittwer, had not been directed out of the case, it certainly could not have been contended that both C. Allen Dosland, Esq., as counsel for plaintiff, Gertrude Wittwer, and Bruce E. Sherwood, Esq., as counsel for defendant, Gertrude Wittwer, were entitled to closing arguments. The Court considered that to permit counsel for defendant, Marjorie Saelens, Administratrix, to present a closing argument on the issue of liability would have in reality constituted duplicity and undue advantage.

"The Court did however take into consideration the practical aspect of the situation whereby counsel for plaintiff, Therkel Jorgensen, Trustee, in preparation for trial would not have been fully informed, and only incidentally concerned, as to the claim of damages by plaintiff, Gertrude Wittwer. Because of this practical complication the Court deemed that justice required that counsel for defendant, Marjorie Saelens, Administratrix, should be given an opportunity to present a closing argument to the jury on the issue of damages. Apparently for reasons best known to counsel for such defendant no closing argument was presented."

■ The final issue to be considered [7] is whether the jury's finding that Miss Wittwer's damages were in the amount of $35,000 was excessive as a matter of law. We hold that it was not. The violent collision demolished her automobile and caused serious personal injuries. She sustained multiple fractures of both legs, fractured ribs and other chest injuries, and a cerebral concussion. She was hospitalized for the treatment of these injuries for almost 3 months. Her medical expenses were $2,825, and she lost wages of $325 per month, plus $25 per month in fringe benefits from the time of the injury to the time of trial. Although her recovery from these injuries has been substantial, the uncontroverted medical testimony on her behalf is that she has nevertheless suffered a $33\frac{1}{3}$-percent disability of her person as the result of these injuries and will never be able to return to her former occupation as an assistant bank cashier. The verdict was reached without the assistance of final argument by counsel for defendant Jorgensen administratrix because he elected not to argue the issue of damages. Even though it may have been generous as a result, we cannot hold that it is excessive as a matter of law or that the jury was moved by passion or prejudice.

Affirmed.

---

[7] We have considered all other issues raised by appellants and find no prejudicial error or need for discussion.