JULIUS J. NIHART, BY DELORES NIHART, HIS
GENERAL GUARDIAN, v. ROBERT J. KRUGER
AND OTHERS.
LAURENCE R. KINYON AND ANOTHER,
APPELLANTS.

190 N. W. (2d) 776.

October 8, 1971—No. 42383.

*Carroll, Cronan, Roth & Austin* and *George S. Roth,* for appellants.

*O'Brien, Ehrick, Wolf, Deaner & Downing* and *Ted E. Deaner,* for respondent Nihart.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Kelly, JJ.

OTIS, JUSTICE.

This is an action for personal injuries sustained by a passenger in a pickup truck driven by defendant Robert J. Kruger which rear-ended a tractor-trailer owned by defendant Rochester Silo Company and driven by defendant Laurence Kinyon. In its special verdict the jury found, inter alia, that Kinyon and his employer were negligent but that their negligence was not a direct cause of the collision. The trial court set aside that part of the verdict and found that their negligence was a direct cause of the accident. The appeal is taken from that order. We hold that the finding of the jury should be reinstated and reverse.

In the late evening of August 23, 1967, plaintiff, Julius J. Nihart, defendant Kruger, and a third man, James F. Holtorf, were together at the municipal liquor store in Eyota, Minnesota, a village located east of Rochester. The three stayed at the liquor store, having drinks, from 11 p.m. until closing time, sometime after midnight. Shortly after closing time, they left the liquor store and got into Kruger's pickup truck to drive to a cafe north of Eyota. Kruger was seated on the driver's side of the truck, Holtorf in the middle, and Nihart was seated on the right side. The pickup pulled out of the liquor store parking lot and headed in a northerly direction on Olmsted County Road No. 7, but about a block and a half from the liquor store it smashed into the back end of the large tractor-trailer truck owned by defendant Rochester Silo Company and operated by defendant Kinyon.

The tractor-trailer unit had come from North Front Street, a road which intersects with County Road No. 7, stopped at the uncontrolled intersection, and turned left onto County Road No. 7, heading north. The truck, which was 50 feet long and 8 feet wide, had just gotten straightened out in the northbound driving lane and was traveling between 10 and 15 miles per hour when the collision occurred. Kruger's pickup truck, which had been traveling at about 30 miles per hour up to the point of the colli-

sion, was wedged squarely beneath the center of the trailer of the tractor-trailer unit by the force of the impact, and the vehicles came to rest at a point about 84 feet from the northern boundary of the intersection. At the time of the accident, although it was a dark night, the weather conditions were clear and the road surfaces were dry.

Nihart suffered serious brain injuries as a consequence of the accident, and an action was commenced on his behalf by his wife, plaintiff Delores Nihart, against Kruger, Kinyon and Kinyon's employer, Rochester Silo Company. The jury determined that there was negligence on the part of all three defendants but that only Kruger's negligence was a direct cause of the collision. It awarded plaintiff damages in the sum of $108,000.

In granting plaintiff's motion for judgment against Kinyon and his employer notwithstanding the verdict, the trial court explained in its memorandum it was of the opinion that their negligence was based on the manner in which Kinyon operated the truck or on the lighting of the truck. The court held that in either case such negligence was a direct cause of the accident as a matter of law.

On appeal, defendants Rochester Silo Company and Kinyon argue that the jury could have found them to be negligent in any one of three respects which would not be a proximate cause of the accident: First, in cutting the corner while making a left-hand turn from North Front Street to County Road No. 7; second, in having inadequate lights; and, third, in driving for a longer continuous period than the I. C. C. regulations permitted. Plaintiff, on the other hand, argues that the jury could find Kinyon kept an improper lookout and failed to yield the right-of-way and that his truck lights were inadequate.

We agree that on this record none of the theories of negligence would require a finding that Kinyon's negligence was a direct cause of the accident. It is conceded that Kruger had been drinking and that he should have been able to see the tractor-trailer in front of him after it had completed its turn and had straight-

ened out on County Road No. 7. Whatever the deficiencies in the trailer lights may have been, the intersection scene was clearly visible by virtue of the street lights at the intersection. Although plaintiff asserts that the I. C. C. records were not introduced in support of a claim of negligence, nevertheless they may have given rise to the jury's finding.

It is not our function to determine on what theory the jury arrived at its verdict. In reviewing the findings, we need only examine the record to decide whether the verdicts are consistent on any theory. Only where it is clear that findings cannot be reconciled may the trial court set them aside.

We have had occasion to review the applicable cases in a number of recent opinions. Ryan v. Twin City Milk Producers Assn. 289 Minn. 349, 184 N. W. 2d 664 (1971). In a decision similar on the facts, we reiterated the familiar principle that "[c]ausation, like negligence itself, is a fact issue for the jury except when the facts are undisputed and are reasonably susceptible of but one inference." Jorgensen v. Hawton, 281 Minn. 370, 375, 161 N. W. 2d 676, 680 (1968). In that case, as in this, the operator of a tractor with an obscured taillight was found by the jury to be negligent, but the jury also found his negligence was not a proximate cause of an accident between plaintiff and the driver of a third car. In affirming, we there said (281 Minn. 374, 161 N. W. 2d 679):

"* * * There is substantial evidence from which a jury could find that decedent actually saw the unlighted Hawton tractor-trailer and that, but for his negligent and unlawful speed, he could have avoided colliding either with it or with plaintiff Wittwer. The condition of light at the time did require that motor vehicles on the highway be illuminated, but the condition nevertheless was not one of such darkness that objects were wholly indistinguishable without artificial light."

To be sure, in the instant case plaintiff argues that the evidence compels a finding that Kruger did not see the tractor-trailer before he ran into the rear end of that vehicle. However,

he concedes that in the absence of lights Kruger should have seen the truck but for the fact his powers of observation were diminished by his drinking. This argument suggests that motorists are obliged to anticipate that the faculties of other drivers will be impaired by alcohol and must guard against such contingencies. We have difficulty accepting a rule which would impose such a duty on those using the public highways.

We therefore hold that the evidence supports the findings of the jury and can be reconciled, and should be reinstated.

Reversed.