Richard L. OLSON, Jr., Appellant,

v.

HAVIR MANUFACTURING COMPANY OF ST. PAUL, et al., Defendants,

Truex, Inc., Respondent.

No. C0–84–640.

Court of Appeals of Minnesota.

Nov. 6, 1984.

Steve Jamar, W.D. Flaskamp, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for appellant.

James L. Haigh, Bruce D. Elliott, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

This is an appeal taken from an order denying a motion for judgment notwithstanding the verdict. A jury found that Truex was negligent, but that its negligence did not cause Olson's injuries. We affirm.

## FACTS

Richard Olson injured his right hand on October 9, 1979, while operating a Havis punch press which had been sold by Truex to Olson's employer, L & L Manufacturing, three years prior to the accident. The machine was sold with the caveat that its activating switch, an unguarded foot pedal, should be replaced by a safer double palm switch. L & L did not make this change.

The area where the dies of the press closed was protected by a mesh screen, designed and installed by L & L. This area had to be cleared with each 35th piece of aluminum processed. L & L provided press operators with a tool with which to safely remove the finished product from the press.

On the day of the accident, Olson had removed the mesh screen. He did not use the tool to remove the product because he could not find it, and because his employer told him to go ahead and do what he could without it. As Olson was removing the product, the punch press was activated in some way, struck his hand, and mutilated his middle finger.

Olson sued Truex on theories of negligence, strict liability, and breach of implied warranties. The matter was tried to a jury on November 14 and 15, 1983. After plaintiff's case in chief, the court granted Truex's motion for a directed verdict on plaintiff's strict liability and breach of warranty claims. The matter thus went to the jury solely on a theory of negligence.

Several alternatives were presented as to how the accident happened. One was that the punch press had double-tripped. On the day of the accident, the press was observed to be periodically double-tripping. Double-tripping is a type of malfunction in which the press descends rapidly twice in succession, despite the fact that the operator has depressed the foot pedal once and released it. Olson testified that he knew the press was double-tripping prior to the accident and knew that his employer's attempts to fix the press prior to his accident had failed.

Additionally, Olson claimed, until the time of trial, that the double-tripping caused the accident. At trial, however, he claimed this malfunction was not the cause.

A second theory presented was that the accident occurred when Olson, in the process of removing finished work from the area of the dies, inadvertently triggered the foot pedal with his left foot. However, Truex's expert testified that the probability of this occurring is " * * * essentially zero. It would require that the foot be raised up, brought up over the top of the pedal, de-

pressed to the floor, with twenty to thirty pounds of straight vertical force." This testimony was uncontradicted.

Finally, it was argued that Olson depressed the foot pedal with his right foot as he leaned forward to remove finished work from the area of the dies.

Olson introduced evidence to suggest that Truex was negligent in selling a press activated by an unguarded foot pedal which would permit the press to be inadvertently tripped.

The jury found Olson, Olson's employer, and Truex "at fault" in answering special interrogatories. The jury further found that only the fault of Olson and his employer proximately caused the accident and apportioned 20 percent of the total fault to Olson and 80 percent to his employer.

## ISSUE

Is the jury verdict finding Truex negligent, but further finding that Truex's negligence did not proximately cause Olson's injuries, perverse and palpably contrary to the evidence?

## ANALYSIS

■ On appeal from a denial of a motion for judgment NOV, the evidence must be viewed in the light most favorable to the verdict. The verdict should stand unless manifestly and palpably contrary to the evidence. *Stuempges v. Parke, Davis and Company*, 297 N.W.2d 252 (Minn.1980).

■ On review, an answer to a special verdict question will be set aside only if perverse and palpably contrary to the evidence, or where the evidence is so clear as to leave no room for differences among reasonable persons. *Bergemann v. Mutual Service Insurance Co.*, 270 N.W.2d 107 (Minn.1978). If the answers to special verdict questions can be reconciled on any theory, the verdict will not be disturbed. *Nihart v. Kruger*, 291 Minn. 273, 190 N.W.2d 776 (1971). The issue of causation is for the jury to decide, and its decision will stand unless manifestly contrary to the evidence viewed as a whole and in the light most favorable to the verdict. *Flom v. Flom*, 291 N.W.2d 914 (Minn.1980).

The jury found the relevant actions of both Truex and L & L Manufacturing Co. to be negligent and found Olson contributorily negligent. However, only the negligence of Olson and his employer, L & L Manufacturing, were found to have caused Olson's injuries. Olson argues that the portion of the jury verdict finding Truex negligent, but not causally negligent, cannot be reconciled on any theory. We disagree.

The court instructed the jury on the issue of causation as follows:

A direct cause is a cause which had a substantial part in bringing about the injury. * * *

There may be more than one direct cause of an accident. When the effects of negligent conduct of each of two or more persons actively work at substantially the same time to cause the accident, each may be a direct cause of the accident.

■ Neither of the parties objected to the instructions, and no objection is made on appeal. Thus, the instructions as given must be regarded as the law of the case. *Lesmeister v. Dilly*, 330 N.W.2d 95 (Minn. 1983).

It may be that the jury found Truex negligent because it sold a press with an unguarded foot pedal.

The jury had to decide whether this act "had a substantial part in bringing about the injury." They could have concluded that Truex's negligence contributed to bringing about the injury, but that the contribution was not "substantial," or they could have concluded that it played no role in the injury at all.

The jury may well have concluded that Olson's own negligence, either in reaching into the area of the dies with his foot still on the operating pedal, or in failing to use a tool with which he could have safely removed finished work product from the press, or in removing a point-of-operation guard designed to protect him, was the proximate cause of the accident.

The jury may have also properly concluded that Olson's employer's negligence in

failing to heed Truex's advice to update the activating switch, or in failing to fix a press known to be douple-tripping, or in failing to make available proper tools for removing finished work product from the press, was the proximate cause of Olson's injuries.

The issue of whether Truex's negligence caused the accident involved a "but for" analysis—whether the accident would not have occurred but for Truex's failure to provide a pedal guard on the punch press at the time of sale. The jury could reasonably have concluded that the accident would have occurred regardless.

The jury's finding of no causation is not perverse and palpably contrary to the evidence; therefore, this finding should not be disturbed.

## DECISION

The jury's special verdict finding Truex negligent, but further finding that Truex's negligence did not proximately cause Olson's injuries, was not perverse and irreconcilable with the facts.

Affirmed.