**INSURANCE COMPANY OF NORTH AMERICA, et al., Respondents,**

v.

**FEDERAL PACIFIC ELECTRIC COMPANY, Appellant,**

**Spencer Electric Company, Respondent.**

No. C6–84–1355.

Court of Appeals of Minnesota.

March 12, 1985.

Lee F. Haskell, Cosgrove & Hanson, Minneapolis, for respondents.

Robert D. Brownson, Lasley, Gaughan, Stich & Angell, Minneapolis, Lawrence A. Hoffman, Darby & Darby, New York City, for appellant.

Peter J. Timmons, Moss & Barnett, Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

This is a product liability action. The Federal Pacific Electric Co. (FPE) manufactured an electrical panel box that was installed in the home of Howard and Ilene Mateffy. After a fire destroyed the contents of their home and severely damaged the structure, the Mateffy's homeowner's insurers brought suit against FPE, alleging the panel box had caused the fire and that FPE was negligent in the design, manufacture, or distribution of the panel box, that the panel box was defective and unreasonably dangerous, and that FPE had breached implied warranties. FPE appeals from a judgment entered against it after a jury found that it had been negligent, contending that the evidence is insufficient to support a finding of negligence and that the special verdict is irreconcilable because the jury found negligence but no breach of warranty.

## FACTS

A fire that started in the basement of the Mateffy's home in January 1979 caused substantial damage. The Insurance Company of North America (INA) insured the building structure and Illinois Farmers Insurance Group insured the contents. The insurers brought suit against FPE and Spencer Electric Co., which installed the panel box. Their theory at trial was that the screws supplied by FPE to attach the cover of the panel box were too long for use on a cement block wall, had penetrated too far into the panel box, and had worn through the insulation of the incoming power cables inside the box, causing a short that caused the fire. FPE's defense theory was that the fire was started by the dryer as the result of accumulation of lint due to poor housekeeping by the Mateffy family.

The respondents' main expert was John Carroll, a civil engineer, who testified that the long screws projected past the wall and rubbed against the incoming power cable when it expanded and contracted according to the temperature. FPE's expert testified that in his opinion the insulation on the cable was too thick to allow any damage from the screws. There was conflicting testimony on the burn pattern in the basement and correspondingly different conclusions about where the fire had started.

The special verdict form submitted gave the jury the choice of finding (1) negligence in the design, manufacture or distribution of the panel box, or (2) a design defect in the panel box. The jury was instructed to answer the defect question only if it did not find negligence. The jury was told that it *had* to answer the third question relating to breach of warranty, which said "Was the panel box reasonably fit for the purposes intended?" The jury found that FPE's negligence had caused the fire but that the panel box was reasonably fit for the purposes intended. It also found that Spencer Electric had not been negligent. The jury awarded damages of $38,544.61 to INA and $25,313.84 to Illinois Farmers.

The respondents moved for entry of judgment based on the verdict, and FPE moved for a JNOV. The trial court entered judgment based on the verdict, rea-

soning that the verdict was not irreconcilable because

> [I]t is not unreasonable to assume that the jury found the panel box to be reasonably fit, but that Federal Pacific should have in some manner communicated to Spencer Electric or others the dangers inherent in the long screws, depending upon the thickness of the surface to which the box was to be attached.

### ISSUES

1. Is the evidence sufficient to sustain the jury's finding that FPE was negligent?

2. Is the special verdict inconsistent and irreconcilable?

### I

In reviewing a jury verdict on appeal, the court must consider the evidence in the light most favorable to the prevailing party, and the verdict must be sustained unless it is manifestly and palpably contrary to the evidence. *See, e.g., Stuempges v. Parke, Davis & Co.,* 297 N.W.2d 252, 256 (Minn.1980). After reviewing the record in this light we find that the jury could legitimately find that FPE should have foreseen the danger of using long screws to install the panel box. The evidence was sufficient to support the jury's finding of negligence.

### II

FPE also argues that the special verdict is inconsistent and irreconcilable because the jury found negligence but no breach of implied warranty. The supreme court, however, has noted:

> If the answers to special verdict questions can be reconciled on any theory, the verdict will not be disturbed.

*Hauenstein v. Loctite Corp.,* 347 N.W.2d 272, 275 (Minn.1984) (citing *Nihart v. Kruger,* 291 Minn. 273, 276, 190 N.W.2d 776, 778 (1971) (emphasis in original)).

The verdict was reconciled by the trial court based simply on the wording of the interrogatories. The jury answered yes to the question whether FPE was negligent in the "design, manufacture, or distribution of the panel box." It answered yes to the question "Was the panel box reasonably fit for the purposes intended?" The negligence question is broader and includes the distribution of the screws with the panel box. The implied warranty question asks only whether the box itself is reasonably fit for the intended purpose. We agree with the trial court that the jury could have found under these instructions that the panel box was reasonably fit but that the screws were not.

### DECISION

Affirmed.