**Anthony BETZ, a minor, by his mother and natural guardian, Arlys BETZ, and Arlys Betz, individually, Respondents,**

v.

**Jacqueline Marie NELSON and Palmer William Nelson, Appellants.**

No. C2–84–1594.

Court of Appeals of Minnesota.

May 21, 1985.

Review Dismissed July 26, 1985.

Thomas J. Lyons, St. Paul, for respondents.

Donald A. Wheat, Albers & Associates, Bloomington, for appellants.

Heard, considered and decided by RANDALL, P.J., and SEDGWICK, and HUSPENI, JJ.

## OPINION

RANDALL, Judge.

Anthony Betz and his mother brought this action against Jacqueline Nelson and her father alleging that Jacqueline's negligence caused the car accident in which Anthony was injured. The jury returned a special verdict finding that while both Anthony and Jacqueline were negligent, neither one's negligence contributed causally to the accident. However, the jury also answered the comparative negligence question, finding Jacqueline 80% negligent and Anthony 20% negligent.

Plaintiffs then made a motion for judgment notwithstanding the verdict or for a

new trial. The trial court granted the motion for judgment n.o.v. and set aside the jury's negative answers to the causation questions. Defendants appealed. **We reverse and remand for a new trial on all issues.**

### FACTS

On November 29, 1980, Anthony Betz, then 15, accompanied Jacqueline Nelson, then 16, to a wedding reception. Both minors consumed alcohol at the reception. Anthony could not remember how much he had; Jacqueline had "between five and seven" whiskey and Cokes over the course of the evening. At about 12:30 a.m. on November 30, Jacqueline left the wedding reception to drive Anthony home. Jacqueline's mother asked her if she was all right to drive because she looked "tired." Anthony testified that Jacqueline did not seem intoxicated or impaired by the alcohol she had consumed. A blood alcohol test administered sometime after the accident occurred revealed that Jacqueline had a blood alcohol content of .14 percent.

After leaving the reception, Jacqueline drove about three miles north. The highway curves left at that point, and while Jacqueline negotiated the curve, the right wheels of the car went off the pavement onto the gravel edge of the road. She testified that she did not lose control of the car and that there would have been no accident if Anthony had not, at that point, leaned over, placed himself between her and the steering wheel, grabbed the wheel and immobilized it. Anthony testified, however, that she had lost control of the car and that he grabbed the wheel as a last ditch reflex action only when he feared they would hit the telephone pole if nothing was done. The car knocked over a mailbox and collided with a telephone pole, causing Anthony to strike the windshield with his head (on the driver's side) and Jacqueline to get a bloody nose from hitting her head on the back of Anthony's head. Anthony suffered head injuries and received seventy stitches in his forehead.

The issues of negligence and contributory negligence were submitted to the jury by a special verdict form. The special verdict form was submitted by the appellant, and no objections were made to it either before or after it was submitted to the jury. The special verdict form erroneously instructed the jury to answer the comparative negligence question if they had answered "yes" to the questions asking whether Jacqueline and Anthony had been negligent. It did not correctly instruct them to answer the comparative negligence question *only* if they found both negligence *and* causation on the part of both plaintiff and defendant. The jury answered "yes" to questions asking whether Jacqueline had been negligent and whether Anthony had been negligent. It answered "no," however, to questions asking whether Jacqueline's negligence was "a direct cause" of the accident and whether Anthony's negligence was "a direct cause" of the accident. It then answered the comparative negligence question by attributing 20% negligence to Anthony and 80% negligence to Jacqueline. The comparative negligence question stated:

> Taking all the negligence which contributed as a direct cause to the collision to be 100%, what percentage or proportion thereof do you attribute to:
>
> Anthony Betz: _____ (The jury answered 20%)
>
> Jacqueline Marie Engels: _____ (The jury answered 80%)

Thus, result of the jury's special verdict was that the jury found Jacqueline's negligence had not caused the accident but had caused the accident. Finding the jury's verdict perverse, the trial court set aside the special verdict answers to the causation questions and inserted affirmative answers to those questions, leaving the jury's answers to the comparative negligence question intact. The result was a verdict for plaintiff.

### ISSUE

Did the trial court err in entering judgment for plaintiff notwithstanding the verdict?

### ANALYSIS

Judgment notwithstanding a verdict may be entered by a trial court when

the moving party "would have been entitled to a directed verdict at the close of the evidence." Minn.R.Civ.P. 50.02. It should be used only when the evidence is conclusive against the verdict or when the verdict is perverse and palpably contrary to the evidence. *Majerus v. Guelsow,* 262 Minn. 1, 113 N.W.2d 450 (1962).

In *Nihart v. Kruger,* 291 Minn. 273, 190 N.W.2d 776 (1971), the Minnesota Supreme Court declared that

> it is not our function to determine on what theory the jury arrived at its verdict. In reviewing the findings, we need only examine the record to decide whether the verdicts are consistent on any theory. Only where it is clear that findings cannot be reconciled may the trial court set them aside.

*Id.* at 276, 190 N.W.2d at 778. This principle—that a verdict may stand if there is *any* theory which, if believed by the jury, could support it, was reiterated in *Hauenstein v. Loctite,* 347 N.W.2d 272 (Minn. 1984): "If the answers to special verdict questions can be reconciled on *any* theory, the verdict will not be disturbed." 347 N.W.2d at 275 (citation omitted) (emphasis in original).

Here, the jury found that neither the negligence of Jacqueline nor that of Anthony caused the accident, even though it found both were negligent. If the jury had stopped there, it would have been improper for the trial court to enter a judgment n.o.v., since there was evidence which, if believed, could arguably have supported such a finding. However, the jury then answered the comparative negligence question which, by its terms, required the jury to find that Jacqueline and Anthony's negligence did contribute to the accident. The verdict was therefore inconsistent. No view of the evidence can support the jury's finding that Jacqueline's negligence "contributed as a direct cause to the collision" but "was not a direct cause of the accident."

Appellant argues that since the comparative negligence question should not have been answered by the jury, the answer to the comparative negligence question should be disregarded and judgment for defendant should be entered. The verdict would then state that the jury found Jacqueline negligent, but also found her negligence did not cause the accident. Instead, the court treated the answer to the comparative negligence question as the dispositive one, and disregarded the answers to the two questions on causation. It did so because it found, as a matter of law, that Jacqueline's negligence was the proximate cause of the accident.

> The test applied, [to determine if an answer should be changed when a jury's answers to interrogatories in a special verdict are inconsistent] be it on the trial or appellate level, is whether or not the evidence in the case establishes as a matter of law that a jury's answer to a question must be changed.

*Orwick v. Belshan,* 304 Minn. 338, 343, 231 N.W.2d 90, 94 (1975).

*Orwick,* a products liability case, is on point here. In that case, the jury found the plaintiff negligent, but found that his negligence had not caused the accident. The jury also answered the comparative fault question, however, and assigned a percentage of fault to the plaintiff. The trial court declined to enter judgment notwithstanding the verdict. Instead, it simply ignored the answer to the comparative fault question and entered judgment as though the plaintiff's negligence had not been found to contribute to his injuries. After the defendant appealed, the supreme court stated:

> The issue thus raised is whether, under the facts of this case, a finding by a jury that a party's negligence is not a proximate cause of an accident and a later finding, on the issue of comparative negligence, that such negligence contributed to cause the accident are so irreconcilable or inconsistent as to require a new trial. This particular inconsistency, being one created by answers to a causation question and the comparative negligence question, raises an issue of first impression in Minnesota.

\*    \*    \*    \*    \*    \*

[W]e conclude that the evidence as presented does establish, as a matter of law, that the plaintiff's negligence was a proximate cause of his own injuries. *Therefore, we hold that where the jury in a special verdict finds that a party's negligence was not a proximate cause of his own injuries, but thereafter, in the comparative negligence question, attributes a portion of the total causal negligence to that party, and the evidence establishes as a matter of law that his negligence was a proximate cause of his injuries, the court should * * * set aside the answer to the question which found that the plaintiff's negligence was not causal and insert an affirmative answer.*

*Id.,* at 342–344, 231 N.W.2d at 94–95 (emphasis added).

Generally, inconsistent verdicts are noted before the jury has been discharged, and the trial court has the right to explain the inconsistencies to the jury and ask them to resume deliberations. The inconsistency here was not timely noticed and likely was a direct result of the jury not being instructed to answer the comparative negligence question only if their answers to the previous questions found *both* negligence and causation on the part of two or more persons. *Id.* at 344–45, 231 N.W.2d at 95.

█ The dispositive question before this court is thus whether the evidence in this case establishes as a matter of law that Jacqueline's negligence was a proximate cause of the accident that caused Anthony's injuries. If not, and if the conflicting answers in the special verdict can be neither reconciled nor changed as a matter of law, the case must be remanded for a new trial. *Carufel v. Steven,* 293 N.W.2d 47, 49 (Minn.1980).

In *Reese v. Henke,* 277 Minn. 151, 152 N.W.2d 63 (1967), the supreme court stated that a "determination that as between the two [negligent parties] the negligence of [one] was the more reprehensible * * * cannot be the basis for exonerating one tortfeasor and holding the other liable."

*Id.* at 156, 152 N.W.2d at 67. Even though a jury might find Jacqueline's action in driving with a high blood alcohol content more culpable than Anthony's action in grabbing the wheel, Jacqueline cannot be held liable as a matter of law unless her negligence caused the accident.

█ The Minnesota Supreme Court has, in similar cases, used a "but for" test. If an injury or accident would not have happened "but for" a party's negligence, then that negligence is said to have "proximately caused" the injury or accident. *See, e.g., Hauenstein,* 347 N.W.2d at 276; *May v. Lemmon,* 287 Minn. 158, 162, 177 N.W.2d 298, 301 (1970). The supreme court has stated that causation can only be found as a matter of law "when the facts are undisputed and are reasonably susceptible of but one inference," *Nihart,* 291 Minn. at 276, 190 N.W.2d at 778 (quoting *Jorgensen v. Hawton,* 281 Minn. 370, 375, 161 N.W.2d 676, 680 (1968)), or "where, in our opinion, reasonable men can come to no other conclusion." *Reese,* 277 Minn. at 156, 152 N.W.2d at 67. The facts in this case are disputed and are reasonably susceptible of more than one inference.

█ It is undisputed that Jacqueline had a blood alcohol content of .14 percent. However, Anthony testified that she did not seem drunk, and there was differing testimony on how impaired she was. Given the fact that Anthony admits grabbing the steering wheel from her as she attempted to negotiate the curve, we find the facts to be reasonably susceptible of more than one inference as to negligence and causation. Reasonable people could come to the conclusion that since Anthony had also been drinking, he might have grabbed the steering wheel even if Jacqueline hadn't been drinking and the accident might have happened anyway. If Anthony had not unexpectedly interfered in controlling the car, Jacqueline might have been able to avoid the danger. Anthony's drinking may have clouded his judgment concerning the necessity to grab control of the steering wheel of the car away from the driver—a dangerous maneuver under any circumstances. In other words, it is refutable that Jacqueline's negligence was a sole cause of the

accident. Since reasonable minds could differ, a jury should decide this case. On remand, the trial court should make certain the special verdict form instructs the jury not to answer the comparative negligence question unless it has answered both negligence and causation affirmatively as to plaintiff and defendant. *See Orwick*, 304 Minn. at 345, 231 N.W.2d at 95.

### DECISION

Jacqueline's negligence was not a proximate cause of the accident as a matter of law. The trial court erred in granting plaintiff's motion for judgment notwithstanding the verdict. A new trial is warranted.

Reversed and remanded for a new trial.