Richard W. LIPA, et al., Respondents,

v.

Mark D. JOHNSON, Appellant.

No. C7–85–970.

Court of Appeals of Minnesota.

Feb. 11, 1986.

Kevin L. Callahan, St. Paul, for respondents.

Roger T. Sahr, Minneapolis, for appellant.

Heard, considered and decided by SEDGWICK, RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

Mark Johnson (appellant) appeals a jury award of $5,208.70 to Richard Lipa (respondent) in a negligence action. He argues that the jury's finding that Lipa was disabled for 60 days or more, and thus met one of the Minnesota no-fault thresholds, was manifestly contrary to the evidence as a matter of law. We affirm.

## FACTS

Respondent and appellant were involved in an automobile accident on October 22, 1976. After the accident, respondent had a sore neck and a bad headache. This subsided by the next day, but a pain in his left lower back developed.

Respondent first sought medical attention on November 3, 1976. He went to the emergency room at North Memorial Medical Center. This visit was in part for treatment of his back pain and in part for treatment of a twisted ankle resulting from a stumbling accident which occurred on November 3, 1976. The emergency room physician referred respondent to Dr. Joseph Engel, a specialist in physical medicine.

Dr. Engel hospitalized respondent from November 5, 1976, through November 16, 1976, for treatment of his back problem. Respondent saw Dr. Engel a total of ten times between November, 1976, and May, 1984. Some of these visits were for treatment of injuries he sustained in an accident during October, 1977, while he was driving a semi-truck. Respondent was also treated by a chiropractor for back pain four times in August and September of 1981.

Respondent testified that he was unable to perform his job as cook in his family-owned restaurant for 2 to 2½ weeks. He also testified that he hired a replacement cook for three or four days prior to his hospitalization, the period of his hospitalization, and about a week thereafter. Appellant's expert, the doctor who conducted the adverse medical examination, testified that when he examined respondent prior to trial, respondent told him that he had been off duty for about two months.

Respondent testified to the impact of his injury on his daily living activities. He testified that he could no longer lift 75-pound bags of flour; that he had to stop officiating at sporting events; and that he noticed pain when he did certain types of work around the house. He further testified that he has had to change his lifestyle a little bit. For example, he must get out of bed in a way that avoids twisting his back.

The trial court found, as a matter of law, that appellant was negligent and that his negligence was the direct cause of the accident. The issues of no-fault threshold and damages were submitted to the jury on a special verdict. The jury found that respondent did not have the requisite amount of medical expenses nor did they find a permanent injury. The jury did find that respondent had been disabled for 60 days or more within the meaning of the statute.

Appellant's motion for judgment notwithstanding the verdict or new trial was denied. Judgment was entered for respondent in the amount of $5,208.70.

## ISSUE

Is the special verdict of the jury that respondent was disabled for 60 days or more, within the meaning of the no-fault threshold, so contrary to the evidence that as a matter of law it must be set aside?

## ANALYSIS

■ The Minnesota No-Fault Automobile Insurance Act imposes thresholds that

must be met before a tort plaintiff may recover for non-economic losses. *See* Minn.Stat. § 65B.51, subd. 3 (1976). The thresholds are additional elements of a plaintiff's case which must be pleaded and proved. *Murray v. Walter*, 269 N.W.2d 47, 50 (Minn.1978).

The jury found that Lipa satisfied Minn. Stat. § 65B.51, subd. 3(b)(4). This subdivision allows recovery if the party's injury results in disability for 60 days or more. "Disability" is defined as "the inability to engage in substantially all of the injured person's usual and customary daily activities." Minn.Stat. § 65B.51, subd. 3(c) (1976).

Appellant argues that the judgment for Lipa must be reversed because the evidence cannot support the jury's finding. We do not agree.

> [A]n answer to a special verdict question will be set aside only if perverse and palpably contrary to the evidence, or where the evidence is so clear as to leave no room for differences among reasonable persons.

*Olson v. Havir Manufacturing Co. of St. Paul*, 357 N.W.2d 136, 138 (Minn.Ct.App. 1984) (citation omitted).

On review the evidence is to be viewed in the light most favorable to the verdict. *Nelson v. Smith*, 349 N.W.2d 849 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. July 26, 1984). Reviewing the record in the light most favorable to the verdict, respondent's testimony concerning his injury, his limitation of movement, and his time off from work, were enough for the jury to base their special verdict on. The record, viewed most favorably to respondent, is adequate to sustain the verdict.

### DECISION

The evidence is sufficient to support the jury's finding that respondent was disabled for 60 days or more. We will not overturn the trial court's denial of appellant's motion for JNOV or a new trial.

Affirmed.