BETTY REESE v. RUFINA HENKE AND OTHERS.
WILLARD DEITZ AND OTHERS, APPELLANTS.

152 N. W. (2d) 63.

June 30, 1967—No. 39,883.

*Berens, Rodenberg & O'Connor,* for appellants.
*John E. Castor* and *Moonan & Moonan,* for respondents Henke.

*Gislason, Reim, Alsop & Dosland* and *Sheldon Larson,* for respondent Reese.

OTIS, JUSTICE.

This is an action to recover damages for personal injuries sustained by a passenger in an automobile which collided with the rear end of a truck. The jury rendered a special verdict which found that both drivers were guilty of negligence and the negligence of the truckdriver was a proximate cause of the collision but that of the plaintiff's driver was not. The effect of the verdicts was to award damages to the passenger as well as the driver and owner of the automobile against the owner, the driver, and the user of the truck. The defendants found liable were denied contribution against the driver and owner of the automobile, and that adjudication is the sole issue pressed on appeal. Although appellants have also sought a new trial with respect to their liability to the passenger, that matter is given only token attention in their brief and argument in this court.

From the record it appears that on July 6, 1964, at about 10:30 p. m., plaintiff was a passenger in a Chevrolet automobile operated by Roger Henke and owned by his mother, Rufina Henke. Plaintiff's damages arose out of a rear-end collision between the Henke car and a truck driven by defendant Donald Berg. Berg was an employee of defendant Willard Deitz who owned the truck. At the time of the accident the truck was being used in transporting pea vines for the Green Giant Company. The truck was a 1956, 2-ton, Chevrolet truck, specially adapted for use in hauling pea vines. These vines were transported from farm fields to the local cannery. Deitz was paid by the company on the basis of a "ton-mile rate" and testified, "The more you haul, the more you get paid." The truck had been prepared for hauling a capacity load by the addition of extra paneling added to the sides, and the floor of the truck had been extended 3 feet to the rear. The body of the truck was given a basketlike structure with tines or horizontal toothlike projections extending over the rear of the truck and connected with a chain. This device allowed for a larger capacity than would have been permitted by a truck with an ordinary tailgate. It appears that the truck was well equipped with lights, but the jury could find that the lights were not visible at the time of the accident.

Defendant Berg was a neighborhood farmer who had been employed by Deitz to operate the truck. On the night in question, Berg had returned to the farm field for a second trip to the cannery. It seems to be agreed that it was the duty of the Green Giant Company "field man" to see to it that before the truck left the farm it was safely loaded. After having the truck loaded, Berg drove about 40 rods across the field before reaching the pavement on County Road No. 10. He proceeded south on this road at a rate of about 35 miles per hour. As he drove along, he saw a car slowly approaching, which he thought might be his employer, Deitz, coming to replace him. There was evidence from which the jury could find that, as he met the approaching car, he reduced the speed of the truck to a point where it was practically stopped or barely moving. It developed that the occupant of the approaching car was one Dayle Trodahl, who was apparently driving aimlessly about. Trodahl slowed down as he met and passed the truck, then stopped and backed into a driveway, from which position the beam of his headlights shone across the highway. While these maneuvers were taking place, defendant Roger Henke was approaching from the south on the same highway. Henke was accompanied by Miss Reese, a 22-year-old registered nurse. They had been water skiing at a nearby lake, had stopped at the Henke home, and were on their way to a neighboring town for supper. As the Henke car approached the truck, it appeared as a black mass or object on the highway. Henke first observed it at a distance of about 500 feet, at which time he was driving at a speed of about 45 miles per hour, and as he passed through the lights of the Trodahl car he estimated that he was about 200 feet away from the unlighted truck ahead of him. When he recognized that the truck ahead was not moving or was practically stationary, he applied his brakes, skidding about 48 feet before colliding with the rear of the truck.

From the record it appears that the jury could find that the vines had settled over the sides and rear of the truck so as to completely obscure its lights. The jury could also find from the evidence that the truck at the time of the collision was stopped or barely moving. It is not seriously asserted that the verdict against the driver, the owner of the truck, or the Green Giant Company is not supported by the record. The principal thrust of the appeal is that, since the jury found that Henke was

negligent, it must follow that such negligence concurred with that of the other defendants and contributed to the happening of the accident. The point raised by the appellants not only must be viewed in context of the testimony but must be appraised as well in light of the instructions of the court, who denied appellants' motions for judgment notwithstanding the verdict or for a new trial. The trial court submitted the issues of negligence and proximate cause by special verdict and properly instructed the jury as to the manner in which the special verdict should be used. The jury was properly instructed on the issues of proximate cause, concurrent negligence, and superseding cause in terms about as clear as language permits. The jury also was properly instructed with reference to the duties of the operator of the following car with reference to lookout and obligation to keep the vehicle under control. They were fully instructed with reference to applicable statutory rules of the road, including the duty of a lead car not to stop or suddenly decrease its speed without first giving appropriate signals and the obligation with reference to lights required on vehicles. The jury was told to consider whether defendant Henke was driving at an appropriate reduced speed under the conditions, whether he was keeping a proper lookout, and whether, if he failed in those duties, his conduct was a direct or proximate cause of the accident. The jury was also properly instructed on the emergency rule and was told that, if Henke found himself suddenly confronted with an emergency through no fault of his own, he should not be found to be negligent. No exceptions were taken to the instructions nor was any suggestion made to the trial court as to how they might have been improved. There is no contention that the trial court did not properly use Rule 49.01, Rules of Civil Procedure, in submitting the special verdict to the jury.[1] Numerous interrogatories

---

[1] Rule 49.01, Rules of Civil Procedure, provides: "The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and require written findings thereon as it deems most appropriate. The court shall give to the jury such explanations and instructions concerning the matter thus submitted as may be necessary to enable the jury to make its find-

were contained in the special verdict. It is appellants' claim that Interrogatory No. 4, by which the jury found Roger Henke to be negligent, and Interrogatory No. 5, by which they found that his negligence was not the direct and proximate cause of the accident, cannot be reconciled and are fatal to the verdict. They argue that any negligence found in Henke's conduct was necessarily concurrent with the admitted negligence of defendants and that the accident could not have occurred in the absence of either.

In considering this argument, it is necessary to keep in mind that the verdict is to be liberally construed to give effect to the intention of the jury and to harmonize answers to interrogatories if it is possible to do so. The test is whether the answers can be reconciled in any reasonable manner consistent with the evidence and its fair inferences. Theurer v. Holland Furnace Co. (10 Cir.) 124 F. (2d) 494, 498; 2B Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 1057; Wright, Minnesota Rules, pp. 279 to 284; 2 Youngquist & Blacik, Minnesota Rules Practice, p. 481; Nordbye, *Comments on Selected Provisions of the New Minnesota Rules,* 36 Minn. L. Rev. 672, 682. We have concluded that they cannot be so reconciled.

By his own admission, Roger Henke first observed an object on the highway, which he later identified as the truck, when the vehicles were about 500 feet apart and Henke was driving at a speed of about 45 miles per hour. Although the Trodahl car was parked at right angles to the road, Henke testified that its headlights did not interfere with his vision. Plaintiff testified that when Henke first saw what he later identified as the truck, he stated to plaintiff that it was not very well lighted. When he was within 200 feet of defendant's vehicle he identified it as a truck, but during none of this time did he slow his car to a speed which would permit him to avoid the accident until he was so close that he skidded

ings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand, the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict."

some 48 feet into the rear of the truck, causing the injuries complained of. Although the lane for oncoming vehicles was open and available to him and he could have avoided the accident by turning out to the left, he failed to do so because, as he testified, he "didn't have that much time."

Ordinarily we are reluctant to set aside a determination of the jury with respect to negligence or proximate cause in cases involving rear-end collisions. Pluwak v. Lindberg, 268 Minn. 524, 528, 130 N. W. (2d) 134, 138; Shastid v. Shue, 247 Minn. 314, 322, 77 N. W. (2d) 273, 279; Ryan v. Griffin, 241 Minn. 91, 94, 62 N. W. (2d) 504, 507; Tibbetts v. Nyberg, 276 Minn. 431, 150 N. W. (2d) 687. Nevertheless, where a jury has found negligence, it becomes our duty to hold as a matter of law that such negligence was a proximate cause of the injury where, in our opinion, reasonable men can come to no other conclusion. Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 209, 91 N. W. (2d) 585, 591.

In the instant case the court implicitly or expressly submitted to the jury three elements of negligence with respect to Roger Henke—lookout, control, and speed. Whether the jury found that he was negligent in any one or combination of these acts or omissions, manifestly his negligence was a proximate cause of this accident. If, after seeing what turned out to be the truck 500 feet ahead, Henke had slowed his car to a speed appropriate to avoid a collision until he could determine whether the vehicle was standing or moving, or if he had swerved to the left when he was 200 feet away and had passed the truck in an unobstructed lane, there would have been no accident or injury to this plaintiff. The perverse result reached by the jury can only be attributed to their determination that as between the two drivers the negligence of the truck-driver was the more reprehensible. This, however, cannot be the basis for exonerating one tortfeasor and holding the other liable.

For the reasons stated we hold as a matter of law that the appellants are entitled to contribution against defendants Henke and that defendants Henke are not entitled to damages against appellants. The judgment is therefore reversed with respect to these claims and affirmed with respect to the claim of plaintiff against appellants.