## CLARA VANDERWEYST v. MICHAEL J. LANGFORD AND ANOTHER.

228 N. W. 2d 271.

April 18, 1975—No. 44886.

*Charles W. Anderson* and *Alan G. Jontz*, for appellant.

*Schmidt, Thompson, Lindstrom & Thompson, Joe E. Thompson*, and *John E. Mack*, for respondents.

Heard before Rogosheske, Peterson, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

This appeal arises from a personal injury action involving an automobile accident, a head-on collision of two cars on a one-lane bridge, which occurred in December 1972. A district court trial was held, and the jury found by special verdict that defendant Michael J. Langford was negligent, but that his negligence was not a direct cause of the collision. The jury further found the negligence of plaintiff, Clara Vanderweyst, to be the direct cause of the accident. Plaintiff now appeals from the trial court's denial of her motion for judgment n. o. v. or, in the alternative, for a new trial.

Plaintiff contends that defendant driver's negligence should be held to be a proximate cause of the collision as a matter of law. Negligence and proximate causation are separate factors in assigning tort liability; the fact that the collision would not have occurred but for the negligence of both parties does not mean that the negligence of each is a proximate cause. Meurer v. Junkermeier, 291 Minn. 318, 191 N. W. 2d 416 (1971); Simon v. Carroll, 241 Minn. 211, 62 N. W. 2d 822 (1954).

The question of proximate cause is normally for the jury to decide, and its decision will stand unless manifestly and palpably contrary to the evidence viewed as a whole and in the light most favorable to the verdict. It is only where the evidence is so clear and conclusive as to leave no room for differences of opinion among reasonable men that the issue of causation becomes one of law to be decided by the court. Meurer v. Junkermeier, *supra;* Seivert v. Bass, 288 Minn. 457, 181 N. W. 2d 888 (1970); Pluwak v. Lindberg, 268 Minn. 524, 130 N. W. 2d 134 (1964). The question becomes, then, whether or not, when the testimony is viewed in the light most favorable to defendant, the jury's verdict can be reconciled in any reasonable manner consistent with the evidence and its fair inferences.

On the basis of the evidence at trial, the jury may have found defendant negligent either because he braked improperly or because he was traveling at a speed greater than was reasonable under existing road conditions. The jury could still have reasonably concluded, however, that the accident itself was caused by the negligence of plaintiff, who never saw defendant, never braked, and would have hit defendant head-on in any case.

When the evidence in this case is viewed most favorably to the verdict, the testimony establishes, as between the actions of the drivers, that only defendant had his lights on in conditions which required lights, that only defendant braked when the situation demanded braking, and that plaintiff failed to maintain a proper lookout as she approached the narrow bridge. As a result, it was reasonable for the jury to have concluded that it was plaintiff's negligence alone which caused the collision.

As a result of these considerations, we affirm the decision of the trial court.

Affirmed.

MR. JUSTICE CHANAK took no part in the consideration or decision of this case.