**Connie BLACK, Appellant,**

v.

**Duane STUMVOLL, Respondent.**

No. C3-85-447.

Court of Appeals of Minnesota.

Oct. 8, 1985.

Gerald W. Von Korff, St. Cloud, for appellant.

Bruce E. Sherwood, St. Cloud, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and PARKER and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Appellant brought suit for injuries resulting from an accident involving a moped and an automobile. The jury determined that both appellant and respondent were negligent but that defendant's negligence was not a proximate cause of the accident. Appellant's motion for a new trial was denied and she appeals, claiming that the jury's determination was contrary to the weight of evidence. We affirm.

## STATEMENT OF FACTS

On October 3, 1981, at approximately 11:00 o'clock A.M., plaintiff-appellant and defendant-respondent were both headed south on Benton County Road 3. County Road 3 is a two-lane highway without a shoulder or center line. The speed limit is fifty-five. Appellant was riding a moped or small motor bike on the right side of the lane, while respondent was driving a van. Respondent began to pass the moped when appellant, without warning, darted out in front of the van. The two collided and appellant suffered serious head injuries. Appellant does not recall the accident so the facts of the case come from respondent and his wife and the physical evidence at the scene of the accident.

Appellant alleges that respondent was negligent and caused the accident by driving too fast and being too close to her slow moving moped. Respondent claimed that appellant was negligent and that her negligence caused the accident.

To prove liability, appellant called respondent, his wife, and two accident reconstructionists to testify. Respondent testified first. He stated that he was traveling south on County Road 3 with his wife and two children. As he came over a hill he saw two girls standing at the side of the road next to a mailbox. He slowed down as he approached them, and he then saw appellant, further down the road on a moped. She was traveling slowly, on the same side of the road as respondent, and in the same direction. Respondent testified that as he approached appellant he commented to his wife "I wonder what she's going to do." At this time, respondent claimed that he was driving forty-five miles per hour, with his foot off the accelerator and over the brake. He testified that he began to move out of his lane to pass appellant and when he was thirty to thirty-five feet from her, she darted in front of him without any prior warning of intending

to do so. He applied his brakes but could not avoid hitting her.

The next witness was respondent's wife who was seated in the passenger seat of the van when the accident occurred. She also testified that appellant's moped was traveling slowly, in the same lane and direction as the van. She testified that her husband had slowed down somewhat and that he had moved into the passing lane when appellant suddenly darted in front of the van when the van was about thirty to thirty-five feet from her.

Appellant then called Paul Pfuhl, a police officer who did accident reconstruction work on this accident. A picture was entered into evidence which showed that the skid marks did not start in the passing lane, but actually in the same lane as the moped. From his assessment of the facts, the officer felt that respondent had begun to move into the other lane to pass appellant while going about forty five miles an hour. He also explained that an average driver takes approximately ¾ of a second to respond to an emergency and apply the brakes. Therefore, respondent must have been much further then thirty feet behind appellant when she turned in front of him. This testimony, along with his time, speed and distance calculations impeached fairly substantial portions of respondent's and his wife's testimony. However, his testimony did place the collision in approximately the middle of the passing lane.

Appellant also called another accident reconstructionist to testify. His testimony corroborated Officer Pfuhl's conclusions.

The jury found both appellant and respondent were negligent, but found respondent's negligence was not a proximate cause of the accident. Appellant brought a motion for a new trial, claiming the jury's verdict was clearly contrary to the evidence. The trial court denied appellant's motion, stating, "there are several ways, such as speed and following too closely in which defendant might have been negligent without such negligence being a direct cause." Appellant appeals from both the judgment and the order denying their motion, asserting that the verdict was manifestly and palpably contrary to the evidence.

## ISSUES

1. Is the jury's verdict palpably contrary to the evidence?

2. Did the court err in denying plaintiff's motion for a new trial?

## ANALYSIS

■ Proximate cause is a question of fact which ordinarily must be left to the jury. *Pluwak v. Lindberg*, 268 Minn. 524, 130 N.W.2d 134 (1964). Therefore, a jury's finding on proximate cause will not be set aside unless it is "manifestly and palpably contrary to the evidence viewed as a whole and in the light most favorable to the verdict." *Vanderweyst v. Langford*, 303 Minn. 575, 576, 228 N.W.2d 271, 272 (1975). The courts have used numerous tests to determine proximate cause: the "but for" test, the substantial-factor test, the material element test, the natural sequence of events test, and even a dominant or predominant cause test. *See* 13B Dunnell Minn. Digest, Negligence § 6.01 (pp. 292–30) (3d ed. 1981). Perhaps the most commonly used definition is contained in the jury instruction guide which has been approved by the Minnesota Supreme Court. *See Orwick v. Belshan*, 304 Minn. 338, 350, 231 N.W.2d 90, 98 (1975). JIG II, 140 G–S says "[a] direct cause is a cause which had a substantial part in bringing about the (harm) (accident) (injury) (collision) (occurrence) [either immediately or through happenings which follow one after another]." 4 Minnesota Practice, Jury Instruction Guide (2 ed.), JIG, 140 G–S. The issue before us, therefore, is whether the evidence was so clear as to leave no room for differences of opinion among reasonable persons as to whether or not defendant's negligence played a substantial part in bringing about the accident. *See Pluwak v. Lindberg*, 268 Minn. 524, 130 N.W.2d 134 (1964).

Appellant candidly acknowledges this court's very limited scope of review in this case. However, appellant thoroughly reviews the evidence and presents a strong argument that the jury's verdict was incorrect. Appellant bases her argument on the fact that respondent's van stopped only a few feet from the point of impact with the moped. Clearly, appellant argues, if respondent were driving just a little bit slower or reacted a little bit quicker he would not have hit the moped. Therefore, appellant argues, respondent's actions were obviously a proximate cause of the injuries.

Respondent counters by candidly admitting that the conclusions reached by the jury are not the only possible conclusions given the facts of the case. However, respondent argues that the conclusions reached by the jury were permissible inferences from the direct as well as circumstantial evidence, so this court should not overturn the jury's verdict.

Appellant contends the outcome to this case is determined by *Reese v. Henke,* 277 Minn. 151, 152 N.W.2d 63 (1967). There, plaintiff slammed on the brakes of his car which skidded almost fifty feet before hitting defendant's truck that had slowed down to a virtual standstill. The jury found plaintiff negligent, but found no causation. Defendant moved for a new trial and the trial court denied the motion. The supreme court reversed, holding "where a jury has found negligence, it becomes our duty to hold as a matter of law that such negligence was a proximate cause of the injury where, in our opinion, reasonable men can come to no other conclusion." *Id.* at 156, 152 N.W.2d at 67. Appellant argues that the facts in this case are similar to the facts in the *Reese* case, so we should reverse.

■ We disagree. The present case is clearly distinguishable from *Reese.* In *Reese* plaintiff collided into the rear of a truck which was almost completely stopped on the road, and which plaintiff had seen 500 feet in advance. Because the plaintiff drove into a basically stationary vehicle, it would be unreasonable to conclude that the

plaintiff's negligence did not play a substantial part in the accident. Here, respondent did not run into a stationary vehicle. Instead, he ran into appellant's moped which suddenly darted into his path.

In the present case the jury could have found respondent negligent because he attempted to pass appellant too closely. The evidence does show that when respondent first applied his brakes, he had just begun to move into the passing lane. However, the evidence also shows that appellant's moped was so far into the passing lane that respondent would have had to drive off the highway to avoid her. Therefore, it is not unreasonable to conclude that even if respondent had not been negligent, the accident would have occurred because of the unexpected nature of appellant's sudden movement all the way into the middle of the passing lane.

In *Vanderweyst v. Langford,* 303 Minn. 575, 228 N.W.2d 271 (1975), the court stated that the ultimate question in cases similar to the present one is

whether or not, when the testimony is viewed in the light most favorable to defendant, the jury's verdict can be reconciled in any reasonable manner consistent with the evidence and its fair inferences.

*Id.* at 576, 228 N.W.2d at 272. *See Thorn v. The Glass Depot,* 373 N.W.2d 799 (Minn. Ct.App.1985). Because the jury could have concluded that appellant's sudden movement into the path of respondent's vehicle was the sole cause of the accident we hold the verdict can be reconciled with evidence presented at trial. Although the evidence could have supported the opposite conclusion, the evidence is not so conclusive that reasonable minds could not have held as the jury did. *See Pluwak v. Lindberg,* 268 Minn. 524, 528, 130 N.W.2d 134, 138 (1964).

■ Appellant also disputes the trial court's denial of her motion for a new trial. A motion for a new trial based on the ground that the evidence does not support the verdict should be granted only where the evidence clearly suggests jury mistake, bias, or caprice. *Conover v. Northern*

*States Power Co.,* 313 N.W.2d 397, 408 (Minn.1981). The trial court has broad discretionary power to determine whether to grant a new trial on the grounds that the evidence does not justify the verdict. *Grorud v. Thomasson,* 287 Minn. 531, 177 N.W.2d 51 (1970). Since we hold that the jury's verdict was not palpably contrary to the evidence, we find that the trial court did not abuse its discretion by not granting appellant a new trial.

## DECISION

Because the jury's verdict can be reconciled with evidence presented at trial, we affirm.