Michael P. LENNON, Appellant,

v.

Douglas Ward PIEPER, Respondent.

No. CO–87–393.

Court of Appeals of Minnesota.

Aug. 25, 1987.

Thomas A. Lennon, Edina, for appellant.

Bruce E. Goldstein, Brittmarie LaBissoniere, Schermer, Schwappach, Borkon, Ramstead & Mariani, Ltd., Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and MULALLY, JJ.*

## OPINION

FORSBERG, Judge.

Appellant Michael P. Lennon commenced this negligence action against respondent police officer Dennis Ward Pieper, claiming that Pieper caused him to be falsely imprisoned. Lennon claims that Pieper negligently completed an arrest/violation report which caused the sentencing judge to charge him with the wrong offense, and resulted in a five-day jail sentence. The trial court granted summary judgment to Pieper, concluding, as a matter of law, that Pieper could not have reasonably foreseen that his actions would injure Lennon, that Pieper's actions did not proximately cause Lennon's jail sentence, and that the sentencing judge's actions were a superseding, intervening cause. Lennon appeals from the summary judgment, arguing that the issues of proximate cause and superseding cause were material issues of fact precluding summary judgment. We affirm.

## FACTS

At 11:30 p.m., on March 29, 1982, Lennon and Patrick Leubner were sitting in a parking lot in a car, preparing to smoke marijuana. Officer Pieper, who had observed their actions, issued two citations for possession of a small amount of marijuana, a petty misdemeanor under Minn.Stat. § 152.15, subd. 2(5) (1980).

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

After releasing the two, Pieper completed an arrest/violation report (AVR) for each of them. On Lennon's AVR, Pieper indicated that the charge was "possession, small amount of marijuana," and above the charge wrote "motor vehicle." The AVR also indicated that Leubner was the owner of the car, and referred the reader to a "continuation report" attached to the AVR.

The continuation report further explained the facts involved, indicated that Leubner was the driver of the car, and explained that Lennon had been charged with possession of a small amount of marijuana. Aside from citing the facts and charge, the continuation report did not specifically indicate that "possession, small amount of marijuana" was a petty misdemeanor.

On April 15, 1982, Lennon appeared pro se at his arraignment. He was aware of his right to counsel, but chose to appear on his own behalf. The arraignment calendar for that date listed the charge against him as "possession small amt. marijuana." The calendar also noted Lennon's prior conviction on February 2, 1982, for "driving with alcohol concentration .10% or more."

Possession of a small amount of marijuana is a petty misdemeanor punishable by a fine of up to $100 and participation in a drug education program, if appropriate. Minn.Stat. § 152.15, subd. 2(5). The trial judge, however, amended the charge to possession of a small amount of marijuana *"in motor vehicle,"* pursuant to Minn.Stat. § 152.15, subd. 2(5). "[I]n M.V." was then added to the arraignment calendar after the original charge. The judge informed Lennon that he was charged with a misdemeanor punishable by a $500 fine or 90 days in jail. The judge, however, failed to inform him that conviction of the misdemeanor required that he be the owner of the car, or the driver of the car if the owner were not present. Minn.Stat. § 152.15, subd. 2(5). Lennon pleaded guilty to the charge and was sentenced to 30 days in the workhouse, with 25 days stayed.

Pieper was not present in the courtroom at the arraignment, and knew nothing of the circumstances of Lennon's plea and sentence until he was served with the complaint in this action.

On August 5, 1982, Lennon again appeared before the trial court, and had the misdemeanor conviction expunged from his record. At this time he pleaded guilty, with the advice of counsel, to the petty misdemeanor of possession of a small amount of marijuana.

Lennon then brought this action in federal district court, naming 41 defendants and alleging several constitutional violations, federal law and state law claims. The district court granted summary judgment to all of the defendants as to all of the federal claims, and then dismissed all of the pendent state law claims for lack of subject matter jurisdiction. *See Lennon v. Pieper,* 3–84–CIV–468 (D.Minn. Mar. 8, 1985). Lennon then commenced this negligence action in state district court, naming only Pieper, the charging officer, as defendant.

At a hearing, Lennon presented evidence to show that the St. Louis Park police officers had been instructed at a roll call assembly in 1979 to indicate on the AVR whether the intended charge against an arrestee was a misdemeanor or a petty misdemeanor. Pieper did not so indicate on the AVR. Lennon thus claimed that Pieper's failure to include this information on the face of the AVR, and the inclusion of the words "in motor vehicle," proximately caused the judge to amend the charge to a misdemeanor, resulting in his jail sentence.

The trial court granted summary judgment to Pieper, concluding, as a matter of law, that Pieper's actions in completing the report were not a substantial factor in, nor did they proximately cause, Lennon's injury. The trial judge further noted that the sentencing judge's actions acted as a superseding, intervening cause which broke the chain of causation.

## ISSUE

Did the trial court err in determining, as a matter of law, that there was no proximate cause between the officer's actions and appellant's conviction, and that the

judge's actions in amending the charge constituted a superseding, intervening cause?

## ANALYSIS

Lennon claims that the issues of proximate cause and superseding, intervening cause were genuine issues of material fact, precluding summary judgment. The trial court determined, as a matter of law, that Pieper's actions were not a substantial factor in, nor the proximate cause of Lennon's jail sentence, and that the judge's action in amending the charge was a superseding, intervening cause. On appeal from summary judgment, this court must determine whether there are any genuine issues of material fact, and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

■ The proximate cause of an injury is the act or omission which causes the injury "directly or immediately, or through a natural sequence of events, without the intervention of another independent and efficient cause." *Medved v. Doolittle,* 220 Minn. 352, 356–57, 19 N.W.2d 788, 790 (1945). A negligent act is the proximate cause of an injury only (1) where the negligent conduct was a substantial factor in bringing about the harm, *Flom v. Flom,* 291 N.W.2d 914, 917 (Minn.1980); or (2) where the party ought, in the exercise of ordinary care, to have anticipated that the act was likely to result in injury to others. *Ponticas v. K.M.S. Investments,* 331 N.W.2d 907, 915 (Minn.1983). If injury is foreseeable, then the party is liable for any injury proximately resulting from it, even though he could not have anticipated the particular injury which did happen. *Id.*

■ A superseding, intervening cause of harm acts as a limitation on a defendant's liability for his negligent conduct. It breaks the chain of causation set in operation by a defendant's negligence, thereby insulating his negligence as a direct cause of the injury. *Medved,* 220 Minn. at 357, 19 N.W.2d at 791. A superseding, intervening cause of harm is generally the act of a third party occurring after a defendant's negligent act and operating as an independent force to produce the injury. *Hafner v. Iverson,* 343 N.W.2d 634, 637 (Minn. 1984) (citing *Medved,* 220 Minn. at 356, 19 N.W.2d at 791). An intervening act is not superseding unless (1) its harmful effects must have occurred after the original negligence; (2) it has not been brought about by the original negligence; (3) it actively worked to bring about a result which would not otherwise have followed from the original negligence; and (4) it was not reasonably foreseeable by the original wrongdoer. *Ponticas,* 331 N.W.2d at 915, (citing *Kroeger v. Lee,* 270 Minn. 75, 78, 132 N.W.2d 727, 729–30 (1965)).

Proximate cause and superseding, intervening cause, although generally questions of fact, can become questions of law where reasonable minds can arrive at only one conclusion as to their existence or nonexistence. *Vanderweyst v. Langford,* 303 Minn. 575, 576, 228 N.W.2d 271, 272 (1975).

■ We affirm the decision of the trial court. In our view, reasonable minds cannot differ upon the issue of whether Pieper's failure to specify the exact charge on the fact of the AVR or his inclusion of "in motor vehicle" caused Lennon's five-day jail sentence. The AVR was neither a substantial factor in bringing about the harm, nor was it foreseeable that Pieper's actions would result in injury to Lennon.

The AVR, in addition to stating the charge, "possession, small amt. of marijuana," and the phrase "in motor vehicle," also indicated the owner of the car as well as referring the reader to the attached continuation report. The report clearly stated that each youth had been ticketed for possession of a small amount of marijuana, as well as noting that Leubner was the person behind the steering wheel. Moreover, the citation itself, as well as the arraignment calendar, contained the proper charge. The trial judge had access to all of these documents at Lennon's arraignment, yet, he amended the charge.

Given the information on the AVR and the accompanying report we fail to see how the AVR could possibly have been a substantial factor in bringing about Lennon's

jail sentence. Further, as the judge had no basis to amend the charge, Pieper could not have foreseen that his completion of the AVR could have resulted in any injury to Lennon.

Finally, we think it clear that the judge's actions in amending the charge were a superseding, intervening cause which broke any chain of causation. The charging officer does not have the ultimate burden of determining the appropriate charge against a defendant. Instead, the charge may depend, in part, upon a defendant's prior charges. The proper charge is then determined by the court at the time of arraignment. The sentencing judge knew that Lennon had been charged with a petty misdemeanor, but altered the charge. This intervening conduct broke the chain of proximate cause between Pieper's actions and Lennon's harm.

## DECISION

Affirmed.