Allison Carter CARNAHAN, Appellant,

v.

Scott WALSH, et al., Respondents.

No. C4–87–669.

Court of Appeals of Minnesota.

Dec. 8, 1987.

Review Denied Feb. 12, 1988.

Judith A. Price, Jack L. Vatland, Eckman, Strandness & Egan, P.A., Minneapolis, for appellant.

Nikki K. Zielke, Law Offices of Daniel J. Buivid, Minneapolis, for respondents.

Heard, considered and decided by FORSBERG, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Allison Carnahan appeals from an order denying her motion for a new trial following a special verdict. The jury found Carnahan sustained a disability for sixty days or more but no permanent injury as a result of an automobile accident involving

respondent Scott Walsh. Carnahan claims the verdict is unsupported by the evidence and that the inadequate damage award was the product of passion or prejudice. Carnahan also objects to the special verdict from which combined different categories of damages into a single question. We affirm in part, and remand for the reconsideration of damages only, based on the resubmission of a special verdict form with separate damage categories.

## FACTS

In March 1981 Carnahan was in an automobile accident, sustaining bruises to her hip which were treated at a hospital. She missed one week's employment and was put on crutches for a month. In 1982, an orthopedic surgeon diagnosed Carnahan's injury as chronic trochanteric (hip) bursitis caused by the car accident. In 1984, Carnahan saw a third physician who also diagnosed trochanteric bursitis. This physician testified that Carnahan's hip problem was recurrent but not chronic, and explained that her symptoms may flare-up periodically, usually after prolonged physical activity, but would be followed by periods of normalcy. In 1986, Carnahan was examined by yet another orthopedic surgeon who testified she was asymptomatic and had normal range of motion in her hip, but should lose weight in order to prevent future flare-ups.

Carnahan testified she continues to suffer pain in her hip daily, and has more severe flare-ups on the average of once a year. At these times she uses crutches or a cane to walk. She said she can no longer run, jog, or water-ski, and normal housekeeping is irritating.

By special verdict the jury found Carnahan did not sustain a permanent injury and awarded her $2,329.00 for past medical expenses, $3,000.00 for future medical expenses, and $143.75 for past loss of earnings. Before the jury retired, Carnahan unsuccessfully objected to the special verdict form which combined past and future pain, disability, and emotional distress and future loss of earning capacity into one question.

## ISSUES

1. Was there sufficient evidence to support the jury's finding that appellant did not sustain a permanent injury?

2. Was the jury's damage award palpably contrary to the evidence?

3. Did submitting a special verdict form which aggregated damages constitute prejudicial error by the trial court?

## ANALYSIS

### 1. Finding of No Permanent Injury

Carnahan argues the jury erred in finding no permanent injury. She contends chronic or recurrent trochanteric bursitis is a permanent condition caused by the accident. Carnahan also believes the award for future medical expenses of $3,000 clearly is consistent with a permanent injury.

■ Although all four doctors testified Carnahan had either a chronic or recurrent condition, only one doctor stated it was permanent. A "chronic" condition is a condition of "long continuance," but is not necessarily permanent. See Taber's Cyclopedic Medical Dictionary C–69 (13th ed. 1977). In addition, there was testimony that Carnahan's weight problem was a major factor in causing the recurrent flare-ups.

Expert testimony is only meant to be advisory to the jury. Fleahman v. Lehman, 388 N.W.2d 417, 420 (Minn.Ct.App. 1986), pet. for rev. denied (Minn. Aug. 20, 1986). The jury reasonably could determine Carnahan's flare-ups in the last five years were the result of her being overweight and that she had no permanent injury. The verdict is not so contrary to the preponderance of the evidence as to suggest jury bias or mistake, or that the jury failed to consider all the evidence. See Lamb v. Jordan, 333 N.W.2d 852, 855–56 (Minn.1983).

### 2. Inadequacy of Damages

■ Carnahan claims that the failure of the jury to award any compensation for past and future pain, disability, emotional

distress and future loss of earning capacity implies passion or prejudice. The jury found Carnahan was disabled for sixty days or more and required medical treatment. There was testimony on the anti-inflammatory medication prescribed by the physicians, as well as the pain she suffered during recurrent flare-ups. Carnahan also testified she continues to have pain in her hip on a daily basis.

If the verdict is "manifestly and palpably against the weight of the evidence," this court may interfere with the damages award to prevent an injustice. *Otterness v. Horsley,* 263 N.W.2d 403, 405 (Minn. 1978); *Stuttgen v. Gipe,* 404 N.W.2d 10, 12 (Minn.Ct.App.1987). We intervene here because only special damages were awarded although general damages such as pain, suffering, and disability have been proven. *See Clark v. Johnson Brothers Construction,* 370 N.W.2d 896, 900 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. Sept. 19, 1985). It is unreasonable for the jury not to award Carnahan even nominal damages for pain, suffering, and disability, while at the same time awarding her damages for loss of income and medical expenses obviously caused by the pain from her injury. *See Levienn v. Metropolitan Transit Commission,* 297 N.W.2d 272, 273 (Minn. 1980).

### 3. Aggregation of Damages

██ The special verdict form combined past and future pain, disability, emotional distress and loss of future earning capacity into one question. The form violates Minn. Stat. § 549.24 which provides:

> The court shall require the jury to specify amounts for past damages and future damages * * *. Within each category of damages, the jury must further specify amounts for intangible loss * * *.

Minn.Stat. § 549.24 (1986). Intangible loss is defined as "embarrassment, emotional distress, and loss of consortium," but does not include "pain, disability or disfigurement." *Id.* § 549.23, subd. 1.

Carnahan claims the special verdict confused the jury. If answers to special verdict questions can be reconciled in any reasonable manner consistent with the evidence and its fair inferences, the denial of a new trial must stand. *Reese v. Henke,* 277 Minn. 151, 155, 152 N.W.2d 63, 66 (1967). Here, the answers to the special verdicts are so inconsistent they are incapable of reconciliation and require a remand. Juries must specify between past and future damages. *See* Minn.Stat. § 549.24. To comport with the statutory requirement, the special verdict form should require the jury to separately determine damage amounts for (a) past pain, suffering and disability; (b) future pain, suffering and disability; (c) past medical expenses; (d) future medical expenses; (e) lost earnings; and (f) loss of future earning capacity. *See* Minn.Stat. § 604.07, subd. 1. If appropriate, the special verdict form also should require the jury to specify amounts for past and future intangible losses. *See* Minn.Stat. §§ 549.24, 549.23, subd. 1.

### DECISION

The jury's verdict of no permanent injury was supported by the evidence. The trial court committed prejudicial error in submitting a special verdict question which aggregated damages. Failure to award damages for pain and suffering was palpably contrary to the evidence. This matter is remanded for a new trial on the issue of damages.

Affirmed in part, reversed in part and remanded.