Earl RASKE, Appellant,

v.

Michael M. GAVIN, et al., Respondents.

No. C1–88–2017.

Court of Appeals of Minnesota.

April 25, 1989.

Review Denied June 21, 1989.

John J. Todd, West Saint Paul, for appellant.

Kay N. Hunt, Lommen, Nelson, Cole & Stageberg, Minneapolis, for respondents.

Heard, considered and decided by HUSPENI, P.J., and CRIPPEN, and IRVINE,* JJ.

## OPINION

CRIPPEN, Judge.

Earl Raske brought a legal malpractice action against attorney Michael Gavin and his firm, Gavin, Olson, Conkel, Ltd. The trial court granted the defendants' motion for summary judgment because appellant had not demonstrated the existence of a material issue of fact as to proximate cause. We affirm.

## FACTS

American Bean Corporation decided to acquire a controlling interest in Midwest Bean Corporation in March 1983. At the time, Midwest Bean, a closely held corporation, had 600 shares outstanding. Earl Raske, Daniel Potter, and Lee Allen each owned 200 shares of Midwest Bean.

In March 1983, American Bean representatives met with Raske, Potter, and Allen to discuss a sale of shares to American Bean. Attorney Michael Gavin, Midwest Bean's corporate counsel, was present when American Bean agreed to purchase 306 shares of Midwest Bean for $1,250,000. American Bean purchased 200 shares from Potter, 53 shares from Raske, and 53 shares from Allen. In exchange for his 53

shares, Raske received cash and a promissory note, together worth $216,503.

American Bean subsequently discovered discrepancies in Midwest Bean's inventory and financial statements. In February 1984, Raske agreed to reduce the purchase price for his shares to account for these discrepancies. William Mueller & Sons, American Bean's successor, later discovered further discrepancies in Midwest Bean's accounts. In May 1985, Mueller rescinded the share purchase agreement, and informed Raske that no further payments would be made on his note.

In April 1985, Midwest Bean's board of directors voted to recapitalize. New shares issued as a result of this recapitalization were given to American Bean in exchange for loans it had made to Midwest Bean. Raske recognized that this recapitalization would dilute his interest, but he did not have sufficient funds to purchase proportionate shares. Raske therefore sold his remaining 147 shares to American Bean for $14,700.

Raske commenced an action against, among others, Michael Gavin and his firm, claiming legal malpractice of respondents. He alleged that Gavin failed to advise him of the consequences of becoming a minority shareholder in a close corporation controlled by a majority shareholder. Raske alleged that had he received this advice he would have demanded one-third of the initial purchase price for his 53 shares.

Gavin and his firm moved for summary judgment. The trial court granted this motion because a material issue of fact did not exist concerning proximate cause. Raske appealed.

## ISSUE

Does a material issue of fact exist as to whether alleged negligence of counsel was a proximate cause of appellant's losses?

## ANALYSIS

On appeal from summary judgment, it is the function of this court to determine if a

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

genuine issue of material fact exists. *Hunt v. IBM Mid America Employees Federal Credit Union*, 384 N.W.2d 853, 855 (Minn.1986). Summary judgment is appropriate when the nonmoving party fails to provide specific facts indicating such a fact issue exists. *Id.*

To prevail on a legal malpractice claim, a party must prove four elements:

(1) The existence of an attorney-client relationship;

(2) acts constituting negligence or breach of contract;

(3) that such acts were the proximate cause of the plaintiff's damages; and

(4) that but for defendant's conduct the plaintiff would have been successful in the prosecution of the action.

*Blue Water Corp. v. O'Toole*, 336 N.W.2d 279, 281 (Minn.1983). Failure to prove any of these four elements defeats recovery. *Id.* at 282.

Proximate cause in legal malpractice cases is the same as in ordinary negligence cases. *Blackhawk Building Systems, Ltd. v. Aspelmeier, Fisch, Power, Warner & Engberg*, 428 N.W.2d 288, 290 (Iowa 1988). Cause exists when

but for the attorney's negligence, the loss would not have occurred; or, alternatively, the loss must result directly from the tortious conduct.

Mallen & Smith, Legal Malpractice § 8.3 (3rd ed.1989). The issue of proximate cause is ordinarily a question of fact for the jury to decide. *Vanderweyst v. Langford*, 303 Minn. 575, 576, 228 N.W.2d 271, 272 (1975). However, proximate cause can be decided as a matter of law where reasonable minds can arrive at only one conclusion. *Lennon v. Pieper*, 411 N.W.2d 225, 228 (Minn.Ct.App.1987).

Raske contends that Gavin should have advised him what his position would be as a minority shareholder in Midwest Bean after the sale of control to American Bean. He argues that this fact would have led him to demand one-third of the total purchase price when American Bean purchased its controlling interest in Midwest Bean.

There is no evidence which shows that the transaction between Midwest Bean's shareholders and American Bean would have been structured differently had Gavin advised Raske. Raske understood he was a minority shareholder both before and after the sale. Raske, the owner of a commercial building company and a real estate company, also testified that he had enough business experience to know the difference between owning 50 percent and owning 51 percent of the shares of a corporation. Because Raske understood the essential implications of the sale of control without Gavin's advice, there is no indication that Raske would have acted differently with Gavin's advice. Moreover, there is no evidence to indicate what the other parties to the transaction would have done had Raske been advised to demand one-third of the total purchase price. In particular, there is no indication that Potter was willing to sell his shares for anything less than he did. Because the record does not contain specific facts which show that Raske or others would have restructured the sale transaction had Gavin advised Raske, there is no material issue of fact as to whether the alleged lack of advice was the proximate cause of Raske not obtaining one-third of the total purchase price.

Similarly, there is no indication that lack of advice from Gavin caused Raske to suffer losses after the sale transaction. The trial court found no evidence that Raske's decisions to reduce the purchase price of the 53 shares sold in the original transaction and to sell his remaining 147 shares for a lesser amount were the result of the fact Gavin did not provide legal advice. The record confirms the trial court's conclusion. Without such specific evidence, no material issue of fact on proximate cause has been shown.

## DECISION

The trial court properly granted Gavin's motion for summary judgment because there was no material issue of fact as to whether Gavin's alleged lack of legal ad-

vice was the proximate cause of Raske's alleged harm.

Affirmed.

IRVINE, Judge (dissenting).

I respectfully dissent.

I believe that there are the following fact issues for decision in a trial:

1. Whether Raske was justified in thinking he was being represented by Gavin.

2. Whether Gavin and his firm were guilty of malpractice in connection with the transaction.

I would reverse the summary judgment and remand the case for trial.