Nicholas Joseph WEBER, an Incompetent Minor, by Clifford L. OTTEN, his Guardian ad Litem, Appellant,

v.

Jerome E. GATES, Respondent.

No. C8-91-727.

Court of Appeals of Minnesota.

Dec. 10, 1991.

Review Denied Jan. 30, 1992.

William S. Sherry, McDonough, Vandelist & Wagner, P.A., Apple Valley, for appellant.

Steven L. Viltoft, Lee L. La Bore, La Bore & Giuliani, Ltd., Hopkins, for respondent.

Considered and decided by LANSING, P.J., and PARKER, and FOLEY, JJ.

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn. Const. art.

## OPINION

FOLEY,* Judge.

Nicholas Joseph Weber, a minor, by Clifford L. Otten, his guardian ad litem, appeals from judgment in favor of respondent Jerome E. Gates alleging the special verdict was inconsistent and contrary to the evidence where the jury found Gates the only negligent party but not a direct cause of the accident. We reverse and remand.

## FACTS

Nicholas was injured when he was struck by a car driven by Gates. The accident occurred in October 1984, at 5:20 p.m., on County Road 15 near Nicholas's home in Plymouth, Minnesota. The weather was clear, the pavement dry, and the traffic normal for that time of day.

Prior to the accident, Nicholas, who was five and one-half years old at the time, stood near the end of his driveway, approximately one foot in from the edge of the road. Gates was driving on County Road 15 at approximately 30–35 miles per hour. Gates failed to see Nicholas until his car was approximately 15 to 20 feet from Nicholas. Except for the vehicle directly in front of him, Gates testified that nothing obstructed his view of Nicholas. As Gates's car approached, Nicholas was looking at traffic coming from the opposite direction. The record is unclear whether Nicholas darted into the roadway or Gates's car struck Nicholas where he was standing. In any event, Gates slammed on the brakes and swerved to the left in an unsuccessful attempt to avoid hitting Nicholas. Impact occurred on the passenger side of the car in the area of the side view mirror.

The jury returned a special verdict finding that Gates was negligent; that Gates's negligence was not a direct cause of the accident; and that Nicholas was not negligent. Although the jury assessed $112,425.51 in damages, the damages were not awarded to Nicholas. Nicholas appeals

VI, § 2.

solely on the issue of causation, arguing that the jury's special verdict answers are inconsistent and contrary to the evidence. Therefore, he maintains judgment notwithstanding the verdict should be entered in his favor.

## ISSUE

Was the special verdict inconsistent and contrary to the evidence?

## ANALYSIS

▬▬ Nicholas argues that because the jury found he was not negligent and that Gates was negligent, it necessarily follows that Gates was a direct cause of the accident. The jury normally determines whether direct cause exists and its decision will stand unless manifestly and palpably contrary to the evidence viewed as a whole and in the light most favorable to the verdict. *Vanderweyst v. Langford*, 303 Minn. 575, 576, 228 N.W.2d 271, 272 (1975). Causation is an issue of law to be decided by the court where the evidence is so clear and conclusive as to leave no room for differences of opinion among reasonable persons. *Reese v. Henke*, 277 Minn. 151, 155, 152 N.W.2d 63, 67 (1967) (citations omitted). In considering Nicholas's argument, it must be remembered that answers to special verdict questions are to be reconciled in any reasonable manner consistent with the evidence and its fair inferences. *Id.* at 155, 152 N.W.2d at 66.

▬▬ Gates asserts that at least two theories exist explaining the jury's verdict. First, the jury may have found that Nicholas was the direct cause of the accident even though he was not negligent. Second, the jury may have found that either or both of Nicholas's parents were the direct cause of the accident for failing to properly supervise Nicholas. Gates suggests that either of these theories are consistent with the jury's finding that he was negligent but not a direct cause of the accident. In light of the instructions and special verdict questions, we cannot agree.

Under the instructions given, the jury could have found Gates negligent for failing to maintain a reasonable lookout, keep his car under reasonable control, exercise proper precaution or give an audible signal. Gates could also have been found negligent for driving so fast that his car skidded when reasonable care would have prevented the skidding. The jury was not instructed on unavoidable accident or intervening and superseding cause. Nor was the negligence of either of Nicholas's parents submitted to the jury. The trial court instructed the jury that "a direct cause is a cause which had a substantial part in bringing about the harm, either immediately or through happenings which follow after one another."

▬▬ Because Gates failed to seek review of the trial court's instructions, the instructions are the law of the case. *See Stumne v. Village Sports & Gas*, 309 Minn. 551, 552, 243 N.W.2d 329, 330 (1976). The theories proposed by Gates require the jury to find an unavoidable accident, intervening or superseding cause, or a determination that either of Nicholas's parents were a direct cause of the accident. This court may not superimpose such findings under the law of the case. Furthermore, Gates's counsel stated at oral argument that any negligence of Nicholas's parents would necessarily precede the negligence of Gates. Having eliminated these theories, we are unable to conceive of any reasonable basis for the jury's determination that Gates's negligence was not a direct cause of Nicholas's injuries. *See Reese*, 277 Minn. 151, 152 N.W.2d 63 (direct cause existed as a matter of law where record showed that respondent, in the absence of his negligence, could have avoided the accident).

## DECISION

The trial court is instructed to change the answer to the special verdict question asking, "Was [Gates's] negligence a direct cause of the accident?" from "No" to "Yes" and enter judgment for Nicholas in the appropriate amount.

Reversed and remanded.