**Susan M. WALLIN, et al., Appellants,**

v.

**Robert RAPPAPORT, et al., Respondents.**

No. C3–95–692.

Court of Appeals of Minnesota.

Oct. 31, 1995.

John P. Mazzitelli, Mazzitelli and Associates, P.A., Minneapolis, for Appellants.

Katherine L. MacKinnon, Karen Melling van Vliet, Arthur, Chapman, McDonough, Kettering & Smetak, P.A., Minneapolis, for Respondents.

Considered and decided by NORTON, P.J., and RANDALL and DAVIES, JJ.

## OPINION

RANDALL, Judge.

Susan Wallin sued respondents, alleging that she slipped and fell on ice in respondents' parking lot. The district court ordered summary judgment in favor of respondents, concluding that Wallin had failed to present any evidence that there was ice where she fell. We reverse and remand.

## FACTS

On January 2, 1988, in the early evening, Susan Wallin went shopping with her nine-year-old daughter at a store leased by respondent Snyder's Drug Stores, Inc. There was ice on the surface of the parking lot in front of the store. When Wallin returned to her car after shopping, she decided to open the passenger door for her daughter. As Wallin was moving to open the car door, an assailant tugged at her purse strap. A second tug caused Wallin's purse strap to break. Wallin fell to the ground, spilling the contents of her shopping bag. She suffered serious back injuries as a result of the fall. Her daughter was looking in another direction and did not witness the fall.

Wallin and her husband sued Snyder's and the fee owner of the parking lot, claiming they had negligently failed to keep the parking lot free of ice. Snyder's moved for summary judgment, arguing that Wallin could not prove her injuries were caused by ice on the parking lot near her car. The district court granted summary judgment in favor of Snyder's, concluding that Wallin had failed to produce affirmative, probative, and non-conjectural evidence on the issue of causation.

## ISSUE

Did Wallin fail to produce evidence that ice was a substantial factor in bringing about her injuries?

## ANALYSIS

On appeal from a summary judgment, our role is to determine whether there are genuine issues of material fact and whether the district court erred when applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). We must view the evidence in

the light most favorable to the party against whom the motion was granted, and we must resolve all factual inferences and ambiguities in favor of the nonmoving party. *Id.; Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 230, 219 N.W.2d 641, 646 (1974). The nonmoving party, however, may not rest upon allegations in the pleadings, but must present "specific facts showing a genuine issue of material fact exists for trial." *Independent Sch. Dist. No. 197 v. Accident & Cas. Ins.,* 525 N.W.2d 600, 605 (Minn.App.1995).

■ Wallin claims her injuries were caused by Snyder's negligence. "It is fundamental that negligence to be actionable must be causal." *Beckel v. Alexander,* 271 Minn. 14, 20, 134 N.W.2d 304, 308 (1965). "Cause" exists if a defendant's negligent conduct was a substantial factor in bringing about an injury. 4 *Minnesota Practice,* CIVJIG 140 (3d ed. 1986); *Flom v. Flom,* 291 N.W.2d 914, 917 (Minn.1980).

■ The district court concluded that Wallin had produced no evidence supporting her claim that her fall was caused by ice on the parking lot. The court found that Wallin's claim was founded upon speculation and was insufficient to withstand Snyder's' motion for summary judgment. The court found:

> [A]ll of the Wallins testified during their depositions that the general surface condition of the lot could be described as icy. However, none of them claimed that the entire surface was covered with ice. Additionally, none of them can definitively recall whether the lot surface was icy on the passenger side of the Wallins car at the time and place of the incident. * * * In fact there is no direct evidence that there was ice at the time and place that Ms. Wallin fell.

Contrary to the above findings, the record contains evidence in support of Wallin's claim that the ice caused her fall. In her answers to interrogatories, Wallin stated that she fell because she lost her footing on the ice at the time of the assault. In her deposition, Wallin stated that there was ice where she was standing next to her car. Wallin also testified in her deposition as follows:

> Q: Do you have any other idea why you might have fallen other than this gentleman pulling on—

> A: Pulling and your feet going out from underneath you and then hitting the ground.

> Q: Any other thing that you think caused you to fall on that occasion?

> A: I think it being slippery and my footing wasn't as sturdy as if it was on tar.

> Q: Do you recall your feet slipping on the ice or is this something you're just inferring?

> A: Well, I hit head first, so to me it felt like that's how I fell, that my feet went out and down I went.

> Q: But what I'm trying to be clear about is do you recall that your feet slipped on the ice, or was it that the gentleman was pulling on your purse and knocking you off balance?

> A: (No immediate response.)

> Q: Do you understand the question?

> A: Ask me again.

> Q: Do you specifically recall that your feet slipped because of the ice or are you simply inferring that you slipped because of the ice?

> A: I guess I can't say for sure that that's what happened as far as the feet or what caused the fall.

> \* \* \* \* \* \*

> Q: Do you have a recollection whether it was icy where you were standing?

> A: I believe it was icy where I was standing.

> Q: But do you have a recollection of that though?

> A: My—the things in my hand went sliding, and this is how I recollect it was icy. I don't remember looking down at—no, I take that back. When I hit my head I saw the ice when my face— my head was on the parking lot, and I do remember that.

In a subsequent affidavit, Wallin stated:

> It is my recollection that I lost my footing on the ice and it is my opinion I would not have fallen if the parking lot had it not been icy. The thief did not knock me over. I slipped on the ice as I reacted to the thief pulling on my purse.

An independent witness stated in an affidavit that the police report accurately described the condition of the parking lot as "quite slippery." Wallin's husband stated in a deposition that when he picked up Wallin's car later, the tires spun a little on the ice. He observed ice in the immediate vicinity of the car, although he did not go around to the passenger side.

Wallin's daughter, in her deposition, described the parking lot as "mostly * * * sheer ice," although she didn't know whether the ice covered the parking lot entirely, or whether the parking lot was icy in patches. Although Wallin's daughter did not see her mother fall, she stated that afterwards, "[s]he was feeling her head and she said she hit her head on the ice." Wallin's daughter also said that her mother "had a headache from hitting her head on the ice."

In light of the above evidence, the district court erred by concluding that Wallin failed to support her claim, at least for purposes of surviving summary judgment, that her fall was caused by ice on the parking lot.

■ Respondent Snyder's relies heavily upon the fact that at one point in her deposition, Wallin stated that she did not know for sure what caused her to fall. But respondent is taking this question and answer out of context. Wallin's answer was not a denial that there was ice where she fell, but rather an honest answer, after repeated questions, all asked in a different way but aimed at the same issue. Although this "answer" is certainly available for the defense to use for possible impeachment on cross-examination, it is not sufficient to serve as a foundation for summary judgment. We note the area of causation is traditionally reserved exclusively for the finders of fact. See Black v. Stumvoll, 374 N.W.2d 782, 784 (Minn.App.1985) (causation should ordinarily be left for the jury). Furthermore, Wallin's equivocal answer was isolated from several other direct references to ice. Wallin had previously stated in an interrogatory that she lost her footing on the ice at the time of the assault, and an independent witness corroborated the fact that there was ice in the area.

■ Snyder's argues that Wallin's later affidavit was self-serving and contradicted her earlier deposition testimony. This court has stated that a "self-serving affidavit that contradicts earlier damaging deposition testimony is not sufficient to create a genuine issue of material fact." Banbury v. Omnitrition Int'l., 533 N.W.2d 876, 881 (Minn.App. 1995) (citing Camfield Tires v. Michelin Tire Corp., 719 F.2d 1361, 1365 (8th Cir.1983)). But if the deposition testimony reveals confusion or mistake, an affidavit may raise a factual issue where it is "not inherently inconsistent with the deposition, but rather seeks to explain it." Banbury, 533 N.W.2d at 881.

In the present case, Wallin's later affidavit did not contradict her prior deposition when the deposition is read in its entirety. The deposition contains several affirmative references to ice and only one equivocal "I am not sure," taken out of context, and wormed out of Wallin by opposing counsel.

Neither Banbury nor Camfield stand for the proposition that a later affidavit that seeks to rehabilitate deposition testimony must be disregarded in its entirety when determining whether to grant a motion for summary judgment. Here, Wallin's later affidavit may be used to at least corroborate those parts of her prior deposition with which the affidavit is consistent.

We reverse and remand for further proceedings in this case. We caution that our decision is not intended as a comment on the strength of Wallin's case. She still retains the burden of proof at trial; Snyder's retains the option of moving for a directed verdict or JNOV. But at this point, there remain genuine issues of material fact to be resolved concerning the cause of Wallin's fall and the existence or non-existence of superseding and/or concurrent causes. On this record, this "slip and fall" is nowhere near ripe for summary judgment.

## DECISION

Wallin's evidence on the issue of causation was sufficient to withstand summary judgment.

**Reversed and remanded.**