**STATE of Minnesota, Respondent,**

v.

**Scott Douglas HOFER, Appellant.**

No. C1–99–1106.

Court of Appeals of Minnesota.

June 13, 2000.

Mike Hatch, Attorney General, Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, St. Paul, for respondent.

John M. Stuart, State Public Defender, Robert Waterman, Special Assistant State Public Defender, Roseville, for appellant.

Considered and decided by SCHUMACHER, Presiding Judge, HARTEN, Judge, SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge.

After a bench trial, the court found appellant guilty of criminal vehicular homicide and leaving the scene of an accident resulting in death.

Appellant challenges the sufficiency of the evidence to prove that he caused the accident that resulted in the decedent's death. He contends that the decedent's negligent conduct was an intervening, superseding cause of the accident.

## FACTS

Fifteen-year-old Melissa Dudero was a passenger on a bus traveling south along Rice Street in St. Paul. The bus stopped at the Geranium intersection and Ms. Dudero got off. She crossed in front of the bus and began to run across Rice Street against the "Don't Walk" display on the traffic semaphore.

Scott Douglas Hofer was driving his car south on Rice. As he approached the Gera-nium intersection the traffic signal for his direction of travel changed to yellow. He began to slow down but then accelerated and entered the intersection as the signal changed to red.

Hofer's car struck Ms. Dudero and threw her 25 feet. Hofer did not stop. Ms. Dudero died the next day from head injuries caused by the collision. Eventually the police found Hofer, and he admitted that he drove the car that struck Ms. Dudero.

The state charged Hofer with criminal vehicular homicide and leaving the scene of an accident resulting in death. He agreed to a trial to the court without a jury. The trial court found Hofer guilty on both charges. Hofer appeals from the judgment of conviction for criminal vehicular homicide.

## ISSUE

As appellant drove his car through a red light he struck decedent who was running across the street against a "Don't Walk" signal. Defending against the charge of criminal vehicular homicide, appellant argues that the evidence was insufficient to convict because decedent's act was an intervening, superseding cause of the accident. Was the evidence sufficient to prove appellant caused the accident?

## ANALYSIS

Contending that Ms. Dudero's negligence in crossing the street was an intervening, superseding cause of her death, Hofer argues that the evidence is insufficient to support his conviction for criminal vehicular homicide.

Evidence is sufficient to support a conviction if, upon the facts in the record and the legitimate inferences to be drawn from those facts, the trier of fact could reasonably conclude that the defendant committed the crime charged. *State v. Moore*, 481 N.W.2d 355, 360 (Minn.1992). In assessing the sufficiency of the evidence, this court must assume that the

trier of fact believed the evidence supporting the conviction and disbelieved evidence to the contrary. *State v. Thomas*, 590 N.W.2d 755, 757 (Minn.1999). The standard of review for a claim of insufficient evidence is the same for non-jury and jury trials. *State v. Hough*, 585 N.W.2d 393, 396 (Minn.1998).

When a person dies as a result of a motor vehicle accident and the driver who caused the accident leaves the scene, the driver commits criminal vehicular homicide:

> A person is guilty of criminal vehicular homicide resulting in death * * * if the person causes the death of a human being not constituting murder or manslaughter as a result of operating a motor vehicle * * * where the driver who causes the accident leaves the scene of the accident * * *.

Minn.Stat. § 609.21, subd. 1(7) (1998).

■■■ Hofer argues that the evidence was insufficient to prove that he caused the accident that resulted in Ms. Dudero's death. Causation is established by proof that Hofer's conduct was a substantial causal factor in bringing about Ms. Dudero's death. *See State v. Olson*, 435 N.W.2d 530, 534 (Minn.1989); *State v. Sutherlin*, 396 N.W.2d 238, 240 (Minn.1986). *See also Lennon v. Pieper*, 411 N.W.2d 225, 228 (Minn.App.1987) (proximate cause of injury is act or omission that causes injury directly or through natural sequence of events without intervention of another independent and efficient cause). There can be more than one cause of harm. *Roemer v. Martin*, 440 N.W.2d 122, 123–24, n. 1 (Minn.1989). Ordinarily, however, a victim's causal contributory negligence is not a defense to a crime. *State v. Crace*, 289 N.W.2d 54, 59 (Minn.1979) (holding that even if victim was negligent in dressing in black and drinking while hunting, it would not relieve defendant from liability); *State v. Schaub*, 231 Minn. 512, 519–20, 44 N.W.2d 61, 65 (1950) (finding that even if victim's husband was negligent in creating spark in gas-filled room, it did not relieve

defendant from liability); *In re Welfare of J.G.B.*, 473 N.W.2d 342, 346 (Minn.App. 1991) (finding that even if victim had been driving negligently, it would not have relieved defendant from liability); *State v. Munnell*, 344 N.W.2d 883, 887–88 (Minn. App.1984) (holding that victim's intoxication and the fact that he was lying in the middle of the road did not relieve driver of criminal liability).

■■■ An intervening, superseding cause of harm will act as a limitation on a defendant's liability for his culpable conduct. *Lennon*, 411 N.W.2d at 228. An intervening, superseding act "breaks the chain of causation set in operation by a defendant's negligence, thereby insulating his negligence as a direct cause of the injury." *Id.*

> For an intervening cause to be considered a superseding cause, the intervening cause must satisfy four elements: 1) its harmful effects must have occurred after the original negligence; 2) it must not have been brought about by the original negligence; 3) it must have actively worked to bring about a result which would not otherwise have followed from the original negligence; and 4) it must not have been reasonably foreseeable by the original wrongdoer.

*Canada, By and Through Landy v. McCarthy*, 567 N.W.2d 496, 507 (Minn. 1997); *see also State v. Jaworsky*, 505 N.W.2d 638, 642–43 (Minn.App.1993) (in criminal vehicular operation trial, court did not err in giving causation instructions that included the four elements of superseding cause), *review denied* (Minn. Sept. 30, 1993).

■■■ When the acts or omissions of two or more persons combine to bring about a harmful result, those acts or omissions are concurring causes of the harm. *Roemer*, 440 N.W.2d at 123–24, n. 1.

> A superseding, intervening cause of harm is generally the act of a third party occurring after a defendant's negligent act and operating as an independent force to produce the injury.

*Lennon*, 411 N.W.2d at 228. A force caused or set in motion by an originally negligent person is not considered intervening because it proceeds directly from that person's conduct. *Carlson v. Fredsall*, 228 Minn. 461, 468, 37 N.W.2d 744, 748 (1949) (quotation and citation omitted). Here, Hofer's original negligence of entering the intersection against a red signal combined with Ms. Dudero's original negligence of running in front of a bus against a "Don't Walk" display. The combined original negligent acts followed a natural sequence that resulted in Ms. Dudero's death. No other act or force intervened to turn that natural sequence aside. Without an intervening act or force, there can be no superseding cause. Furthermore, the record supports the conclusion that the accident was a foreseeable consequence of each act of negligence. *See In Re Welfare of C.P.W.*, 601 N.W.2d 204 (Minn.App. 1999) (J.M.P. was driving a truck and was being chased at high speeds by a truck driven by C. P.W. J.M.P. collided with another vehicle after going through a red light. C.P.W. was charged with criminal vehicular homicide. Held that J.M.P.'s violation of red light was not a superseding cause. The accident was the end of a natural sequence of events that was a foreseeable consequence of C.P.W.'s negligence.), *review denied* (Minn. Nov. 23, 1999).

## DECISION

Because the respective negligent acts of appellant and decedent followed their natural sequences, without the intervention of any other act or force, to produce the accident that resulted in decedent's death, decedent's conduct was not an intervening, superseding cause of the accident. The trial court did not err in finding that the evidence was sufficient to prove appellant caused the accident and the death of decedent.

**Affirmed.**